**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN<br><br>CLASS ACTION |

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Entry of a Protective Order filed by Lead Plaintiffs Employees' Retirement Fund of the City of Fort Worth d/b/a Fort Worth Employees' Retirement Fund ("Fort Worth") and The City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami") and Defendants James River Group Holdings, Ltd. ("James River" or "the Company"), Robert P. Myron, J. Adam Abram, Frank N. D'Orazio, and Sarah C. Doran (each a "Party," and together, the "Parties"), and good cause appearing therefor, it is, this __th day of _____ 2023, hereby:

**ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that the following Stipulated Protective Order (the "Protective Order") shall govern the handling of documents, testimony, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, briefing or other court filings, and any other information produced or given by any Party to any other Party in this action, including any appeals therefrom or any alternative dispute resolution proceedings related thereto (the "Action"), in connection with discovery in the Action:

## 1.    DEFINITIONS

1.1    <u>Action</u>:  The above-captioned action, *In re James River Group Holdings Limited Securities Litigation*, Case No. 3:21-cv-0444-DJN (E.D. Va.), including any appeals therefrom or any alternative dispute resolution proceedings related thereto.

1.2    <u>Confidential Discovery Material</u>:  Any Discovery Material designated as "Confidential" pursuant to Paragraph 3.1 of this Protective Order.

1.3    <u>Court</u>:  The United States District Court for the Eastern District of Virginia.

1.4    <u>Discovery Material</u>:  Any information contained in documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information or material produced, given, or exchanged in this Action, regardless of the medium or manner generated, stored, or maintained.

1.5    <u>Highly Confidential Discovery Material</u>:  Any Discovery Material designated as "Highly Confidential" pursuant to Paragraph 3.2 of this Protective Order.

1.6    <u>Local Rules</u>:  The Local Civil Rules for the United States District Court for the Eastern District of Virginia.

1.7    <u>Non-Party</u>:  Any person or entity that is not a named party to the Action.

1.8    <u>Party</u>:  A named party to the Action.

1.9    <u>Privileged Material</u>:  Any Discovery Material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable immunity or privilege from production.

1.10    <u>Producing Party</u>:  Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Action.

1.11    <u>Receiving Party</u>:  Any Party that receives Discovery Material in the Action.

**2.      PURPOSES AND LIMITATIONS**

2.1      All Discovery Material (including, but not limited to, Confidential and Highly Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of this Action and may not be used for any other purpose whatsoever.

2.2      The Parties acknowledge that this Protective Order does not confer blanket protections on responses to discovery and does not create an automatic entitlement to file confidential information under seal.

**3.      DESIGNATING DISCOVERY MATERIAL**

3.1      Confidential Designations:  Any Producing Party shall have the right to identify and designate all or any part of Discovery Material as "Confidential" if that Producing Party reasonably believes in good faith that such Discovery Material contains or reflects information that qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(G), or otherwise contains nonpublic proprietary or commercially sensitive information.

3.2      Highly Confidential Designations:  Any Producing Party shall have the right to identify and designate all or any part of Discovery Material as "Highly Confidential" if that Producing Party reasonably believes in good faith that the material contains or comprises (i) information so highly sensitive that its public disclosure could result in significant competitive or commercial disadvantage to the Producing Party; or (ii) third party financial account information, medical information, or social security numbers.

3.3      Objections to Designations:  Any Receiving Party may object to a "Confidential" or "Highly Confidential" designation and request the removal of such designation as outlined under the procedures in Paragraph 8 of this Protective Order.

3.4     Manner of Designations:  For purposes of this Protective Order, Producing Parties shall designate Confidential or Highly Confidential Discovery Material in the following manner:

(a)     In the case of physical or electronic documents or data (apart from deposition or other pre-trial testimony transcripts, but including discovery responses such as interrogatories, requests for admission, compulsory disclosures, and other written information), the Producing Party shall mark such Discovery Material with the legend "Confidential" or "Highly Confidential" on each page of the relevant materials at the time of their production.

(b)     In the case of materials produced in the form of electronic or magnetic media (including information, tiles, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "Confidential" or "Highly Confidential" and shall, if possible, identify the specific electronically stored information designated, or, if not possible, generally refer to the designated matter in a cover letter.

(c)     In the case of depositions or other pre-trial testimony and/or exhibits disclosed at a deposition, counsel for any Producing Party may designate as "Confidential" or "Highly Confidential" all or any portion of a deposition or other pre-trial testimony transcript or exhibits deemed to contain Confidential or Highly Confidential Discovery Material.  The Producing Party shall advise the court reporter and counsel of record of the testimony containing the Confidential or Highly Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than ten (10) days after completion of such deposition or other pre-trial testimony.  For the avoidance of doubt, exhibits disclosed at a deposition that are already designated "Confidential" or "Highly Confidential" need not be re-designated as such to retain their designation—but any related testimony must be re-designated pursuant to this paragraph.

4

The reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of the transcript and at the beginning and end of any portions thereof designated as "Confidential" or "Highly Confidential." Until the expiration of the 10-day period, the Parties shall treat the entire transcript as Confidential or Highly Confidential Discovery Material. At the request of any Party, the court reporter shall prepare a separate original transcript that does not contain the Confidential or Highly Confidential Discovery Material. Copies of the transcript for counsel's use may contain the testimony designated "Confidential" or "Highly Confidential" testimony and other testimony in a single volume. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order from the Court. Each Party and the court reporter must attach a copy of any final and timely written designation notice to each and every copy of a deposition transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

3.5     Impractical or Impossible Designations:  Where the marking of each piece of Confidential or Highly Confidential Discovery Material is impossible or impractical, the Producing Party shall designate in writing the Discovery Material that it regards as containing Confidential or Highly Confidential Discovery Material at the time of its production.

3.6     Failures to Designate:  If a Producing Party produces Discovery Material that it considers to be "Confidential" or "Highly Confidential" without affixing the appropriate legend to such Discovery Material, the Producing Party may subsequently designate such Discovery Material as "Confidential" or "Highly Confidential" by, promptly upon learning of the production without the required legend, delivering to the Receiving Parties (i) written notice of such designation and (ii) properly designated copies of such Confidential or Highly Confidential Discovery Material, with the effect that such Confidential or Highly Confidential Discovery

5

Material will thereafter be fully subject to the protections afforded by this Protective Order.  The Party that received such Discovery Material must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Protective Order to receive it. Nothing in this Protective Order shall prevent a Producing Party, in good faith, from correcting the designation of information that already has been produced to another Party in undesignated form or with a different designation, or designating as "Confidential" or "Highly Confidential" information that has previously been produced in undesignated form or with a different designation by another Producing Party.

3.7    No Waiver:  Inadvertent disclosure by the Producing Party of Discovery Material designated as "Confidential" or "Highly Confidential," regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

**4.    ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL**

4.1    Use of Confidential Discovery Material:  Without the written consent of the Producing Party or order of the Court, no Receiving Party shall, directly or indirectly, disclose, summarize, characterize, or describe any Confidential Discovery Material, in whole or in part, except that disclosure may be made to the following persons, provided that such persons are informed of the terms of this Protective Order:

(a)    the Court, the Court's personnel (including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its functions), and the jury;

(b)     in-house counsel managing litigation for the Parties or employees of the Parties who are required in good faith to provide assistance in the conduct of the Action;

(c)     counsel for the Parties in the Action;

(d)     supporting personnel employed by counsel for the Parties in the Action, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(e)     experts or consultants retained by the Parties for purposes of assisting the Parties and/or their counsel in the preparation and presentation of the claims or defenses in this Action, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation, and provided further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;

(f)     the author of any Confidential Discovery Material and/or the person or persons to whom the Confidential Discovery Material was addressed, sent or delivered;

(g)     any fact witness or deponent in this Action and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

(h)     any person and their counsel whom a Party's counsel believes in good faith may be a witness or deponent in this Action, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

7

(i)     any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in this litigation, provided that such meditator or arbitrator has signed an undertaking in the form attached as Exhibit A hereto.

4.2     <u>Use of Highly Confidential Discovery Material</u>:  Without the written consent of the Producing Party or order of the Court, no Receiving Party shall, directly or indirectly, disclose, summarize, characterize, or describe any Highly Confidential Discovery Material, in whole or in part, except that disclosure may be made to the following persons, provided that such persons are informed of the terms of this Protective Order:

(a)     the Court, the Court's personnel (including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its functions), and the jury;

(b)     in-house counsel managing litigation for the Parties or employees of the Parties who are required in good faith to provide assistance in the conduct of the Action, provided that such persons have signed an undertaking in the form attached as Exhibit A hereto;

(c)     outside counsel for the Parties in the Action;

(d)     supporting personnel employed by counsel for the Parties in the Action, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and any persons requested by outside counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(e)     experts or consultants retained by the Parties for purposes of assisting the Parties and/or their counsel in the preparation and presentation of the claims or defenses in this Action, provided that any report created by such expert or consultant relying on or incorporating

8

Highly Confidential Discovery Material, in whole or in part, shall be designated as "Highly Confidential" by the Party responsible for its creation, and provided further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;

(e)    the author of any Highly Confidential Discovery Material and/or the person or persons to whom the Highly Confidential Discovery Material was addressed, sent or delivered;

(f)    any fact witness or deponent in this Action and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

(g)    any person and their counsel whom a Party's counsel believes in good faith may be a witness or deponent in this Action, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

(h)    any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in this litigation, provided that such meditator or arbitrator has signed an undertaking in the form attached as Exhibit A hereto.

4.3    _Disclosure to Unauthorized Persons_:   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential or Highly Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosure was made of the terms of this Protective Order, and (d) request such person or persons to execute the undertaking in the form attached as Exhibit A hereto.

4.4    _Use by Additional Parties_:  In the event that additional persons or entities become Parties to the Action, neither their outside counsel nor experts or consultants retained to assist said

counsel shall have access to Confidential or Highly Confidential Discovery Material produced by or obtained from any other Producing Party until such Party has executed a copy of this Protective Order.

4.5    Limitations on Use:  Every person or entity given access to Confidential or Highly Confidential Discovery Material or information contained therein:

(a)    shall not make copies, duplicates, extracts, summaries, or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Protective Order; and

(b)    shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant and subject to the terms of this Protective Order.

## 5.    FILING DESIGNATED DISCOVERY MATERIAL

5.1    Burden of Filing Designated Discovery Material Under Seal:  In all respects, the Producing Party has the burden of establishing that the Confidential or Highly Confidential Discovery Material should be maintained under seal.

5.2    Receiving Party Filing Designated Discovery Material:  The Receiving Party shall make a motion to file the Confidential or Highly Confidential Discovery Material under seal in compliance with Local Rule 5(C).  The Receiving Party's motion shall state that the Producing Party has designated the content as Confidential or Highly Confidential Discovery Material and, subject to this Protective Order, the materials shall be filed under seal as an initial matter.  Within seven (7) days of the Receiving Party's motion, the Producing Party shall file with the Court a memorandum articulating the reasons why the Producing Party has satisfied its burden to maintain the Confidential or Highly Confidential Discovery Material under seal in compliance with Local

Rule 5(C).  All Confidential or Highly Confidential Discovery Material filed pursuant to this Paragraph 5.2 shall remain under seal absent a Court order unsealing such materials.

5.3    Producing Party Filing Designated Discovery Material:  A Producing Party that files its own Confidential or Highly Confidential Discovery Material under seal shall, simultaneously with the filing of the materials, file a motion with the Court to maintain the materials under seal in compliance with Local Rule 5(C).  Within seven (7) days of the Producing Party's motion, any Party or Non-Party may file a response to the Producing Party's motion in compliance with Local Rule 5(C).  All Confidential or Highly Confidential Discovery Material filed pursuant to this Paragraph 5.3 shall remain under seal absent a Court order unsealing such materials.

5.4    Removal of Sealed Records:  Sealed records that have been filed may be removed from the Court by the Producing Party (a) within ninety (90) days after a final decision disposing of the Action is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

6.    **USE OF DESIGNATED DISCOVERY MATERIAL IN COURT**

Any Discovery Material designated as Confidential or Highly Confidential Discovery Material may be used in any proceeding in the Action, including, if otherwise permissible, as evidence at any hearing in or the trial of the Action, in open court, or on appeal, without violation of this Protective Order, provided that the proponent of the evidence shall make best efforts to advise the Producing Party at least two (2) days in advance of the trial or proceedings that it intends to offer Confidential or Highly Confidential Discovery Material as evidence.  Nothing in this Protective Order shall preclude any Party from using any Confidential or Highly Confidential Discovery Material as evidence at any hearing in or the trial of the Action, in open court, or on

appeal; however, nothing in this Protective Order shall preclude a Party from seeking an appropriate protective order from the Court should that Party seek to maintain the confidentiality of any Confidential or Highly Confidential Discovery Material used in open court and nor shall it preclude any Party from challenging the confidentiality of any such material in the context of opposing a Protective Order.

## 7.       CLAWBACK OF PRIVILEGED MATERIAL

If a Receiving Party is notified of a Producing Party's production or disclosure of Privileged Material, and there is no dispute as to the applicability of the asserted privilege, the Receiving Party must, within five (5) business days of the notification, return or destroy the specified information and any copies thereof, and must not use or disclose the Privileged Material except solely in connection with any challenge to the privilege designation.  In the event that the Receiving Party already has disclosed the Privileged Material to other persons, the Receiving Party must take reasonable steps to retrieve the information from all other persons to whom the Receiving Party conveyed the Privileged Material within the same five business day period, and return or destroy the Privileged Material or instruct the other persons to neither use nor disclose the Privileged Material.  If a Receiving Party is notified of a Producing Party's production or disclosure of Privileged Material, and there is a dispute as to the applicability of the asserted privilege, the Receiving Party must, within five (5) business days of the notification, sequester the Privileged Material and not use or disclose the Privileged Material except solely in connection with any challenge to the privilege designation.  In the event that the Receiving Party already has disclosed the Privileged Material to other persons, the Receiving Party must make reasonable efforts to ensure that all Privileged Material has been sequestered by the other persons and instruct the other persons to neither use nor disclose the Privileged Material until further notice.  The

Parties agree to promptly meet and confer concerning the dispute as to any claim of privilege. If the Receiving Party and the Producing Party are unable to resolve their dispute, either the Receiving Party or the Producing Party may move for an order on the status of the Privileged Material. During the pendency of such a motion, each Receiving Party may retain the disputed Privileged Material and all copies thereof, but shall make no further use of it other than in connection with the proceedings on the motion. Any copy of such Privileged Material submitted to the Court in connection with the motion shall be filed under seal in accordance with the terms of this Protective Order. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the disclosing party that such materials have been produced. For the avoidance of doubt, this Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time of the designation, and failure to do so shall not preclude a subsequent challenge to such designation. A Party may object to the classification of Discovery Material (the "Objecting Party") as Confidential or Highly Confidential Discovery Material at any time prior to fifteen (15) days before the commencement of trial, subject to Section 6 *supra*. In the event that a Party wishes to challenge the designation of any Discovery Material as Confidential or Highly Confidential Discovery Material, that Party shall give written notice to counsel for the Producing Party and all Parties in the Action of the challenge and inter alia summarize the principal reasons for the objection. The Parties shall attempt in good faith to resolve all objections by agreement. If any

objections cannot be resolved by agreement within five (5) business days from when they are first made, either the Objecting Party or the Producing Party may move for an order on the status of the disputed Discovery Material. During the pendency of such a motion, the Parties shall continue to treat such Discovery Material as Confidential or Highly Confidential Discovery Material. Any copy of such disputed Discovery Material submitted to the Court in connection with the motion shall be filed under seal in accordance with the terms of this Protective Order. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning confidentiality or waiver of confidentiality.

**9.    FINAL DISPOSITION**

The provisions of this Protective Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action. Within sixty (60) days after receiving notice of entry of an order, judgment, or decree finally ending the Action, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, and upon request of the Producing Party, all persons having received Confidential or Highly Confidential Discovery Material shall make commercially reasonable efforts to identify and destroy all such Confidential or Highly Confidential Discovery Material, including all copies thereof and material derived therefrom. Outside counsel for the Parties and their experts shall be entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including emails, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain, or attach thereto Confidential or Highly Confidential Discovery Material; provided, however, that such outside counsel, their experts, and employees of such

outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Protective Order.

## 10. LEGAL PROCESS

If a Receiving Party is subpoenaed in another action or proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement, or administrative body, and such subpoena or document demand seeks Confidential or Highly Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, unless otherwise required by law, the Receiving Party shall give written notice, as promptly as reasonably practicable and before the return date for such subpoena or document demand, to counsel for the person or entity who designated the Discovery Material as Confidential or Highly Confidential Discovery Material. The person or entity who designated such Confidential or Highly Confidential Discovery Material shall bear all responsibility for his or its objection to the production of such Confidential or Highly Confidential Discovery Material, except that the Receiving Party shall not voluntarily make any production of a person's or entity's Confidential or Highly Confidential Discovery Material until resolution of any objections interposed by such person or entity, unless compelled or otherwise required by law. The Receiving Party shall make reasonable good faith efforts to provide such person or entity a reasonable period of time in which to seek to quash the subpoena or document demand or to move for any protection for the Confidential or Highly Confidential Discovery Material before the Receiving Party takes any action to comply with the subpoena or document demand. Nothing in this Protective Order shall be construed as authorizing a party to disobey any law or court order requiring production of Discovery Material designated as Confidential or Highly Confidential Discovery Material.

**11.    PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS**

This Protective Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential or Highly Confidential Discovery Material for any purpose.  Similarly, this Protective Order has no effect upon, and shall not apply to, any information or material that: (a) was, is, or becomes public knowledge, not in breach of this Protective Order; or (b) is acquired, developed, or learned by the Receiving Party independent of discovery in this Action.

**12.    NON-PARTIES**

The Parties agree that any Non-Party from whom discovery is sought in this Action may obtain the protections of this Protective Order by giving written notice to the Parties that it intends to be bound by the provisions of this Protective Order and designating that its provision of discovery is subject to this Protective Order.  The subpoenaing or requesting party shall advise Non-Parties from whom they seek discovery of the existence of this Protective Order and their right to obtain its protections.  To the extent that any Non-Party produces Discovery Material in this Action that contains Confidential or Highly Confidential Discovery Material of a Party to this Action, that Party may designate such Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Protective Order by delivering written notice of such designation to all Parties.

**13.    MISCELLANEOUS**

13.1    Entering into or agreeing to this Protective Order, producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

(a)    operate as an admission by the Receiving Party that any particular Discovery Material designated as Confidential or Highly Confidential Discovery Material by any Producing Party is appropriately designated as such;

(b)    prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential or Highly Confidential Discovery Material in connection with any trial, hearing, or other proceeding in this Action;

(c)    prejudice in any way the rights of any Party to object to the production of documents or information that it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(d)    waive any applicable privilege;

(e)    waive any Party's right to move the Court for an order allowing disclosure of Confidential or Highly Confidential Discovery Material for good cause;

(f)    prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purportedly Confidential or Highly Confidential Discovery Material;

(g)    prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(h)    affect, or be construed to affect, in any way the admissibility of any document, interrogatory response, responses to requests for admission, or other evidence at any pre-trial hearing or trial of the Action.

13.2    It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery in the Action.  Nonetheless, the Parties hereto may modify the terms of this Protective Order by agreement of all Parties in writing that is "So Ordered" by the Court.

13.3    The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.

13.4    This Protective Order shall become effective as a stipulation among the Parties immediately upon its execution.

13.5    This Protective Order may be executed in any number of actual, telecopied, or emailed counterparts, and by each of the Parties on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

Dated: October 5, 2023

Respectfully submitted,

By: */s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
S. Douglas Bunch
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
*Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Rebecca E. Boon (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)

By: */s/ Bryan A. Fratkin*
Bryan A. Fratkin (VSB# 38933)
Brian E. Pumphrey (VSB# 47312)
Garrett H. Hooe (VSB# 83983)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4352
Facsimile: (804) 698-2100
bfratkin@mcguirewoods.com
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com

**DEBEVOISE & PLIMPTON LLP**
Maeve O'Connor (*pro hac vice*)
Susan Reagan Gittes (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

18

Emily A. Tu (*pro hac vice*)
Chloe Jasper (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
rebecca.boon@blbglaw.com
jeremy@blbglaw.com
emily.tu@blbglaw.com
chloe.jasper@blbglaw.com
*Attorneys for Lead Plaintiff City of Miami
General Employees' and Sanitation
Employees' Retirement Trust and Lead
Counsel for the Class*

**SAXENA WHITE P.A.**
David R. Kaplan (*pro hac vice*)
Emily R. Bishop (*pro hac vice*)
505 Lomas Santa Fe Dr.
Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White, III (*pro hac vice*
forthcoming)
Jonathan Lamet (*pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
jlamet@saxenawhite.com

Steven B. Singer (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
*Attorneys for Lead Plaintiff Employees'
Retirement Fund of the City of Fort Worth*

Facsimile: (212) 521-7715
mloconnor@debevoise.com
srgittes@debevoise.com
*Counsel for Defendants*

19

*dba Fort Worth Employees' Retirement
Fund and Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN
& LEVINSON LLP**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com
*Additional Counsel for Lead Plaintiff the
City of Miami General Employees' and
Sanitation Employees' Retirement Trust*

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
David J. Novak
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN<br><br>CLASS ACTION |

**UNDERTAKING TO BE BOUND BY**
**STIPULATED PROTECTIVE ORDER**

I, _____, declare:

1.      My current business address (or home address if no business address exists) is

_____.

2.      I have received a copy of the Stipulated Protective Order (the "Order") in this action.  I have carefully read and understand the provisions of the Order.

3.      I agree to be bound by the provisions of the Order.

4.      I further agree that in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including, but not limited to, contempt of court.

5.      I further agree that I shall not disclose to others, except in accordance with the Order, information or documents provided to me pursuant to the Order that are designated as Confidential under the Order, and that such Confidential information and documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

6.      I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

7.      I consent to the jurisdiction of the U.S. District Court for the Eastern District of Virginia for enforcement of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        Signature: _____

Print Name _____