# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
| --- | --- |
| *In Re James River Group Holdings, Ltd. Securities Litigation* | Case No. 3:21-cv-00444-DJN<br><br>CLASS ACTION |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants James River Group Holdings, Ltd. ("James River"), Robert P. Myron, J. Adam Abram, Frank N. D'Orazio, and Sarah C. Doran (collectively, "Defendants"), by their undersigned attorneys, Debevoise & Plimpton LLP, for their Answer to the Second Amended Complaint of plaintiffs Employees' Retirement Fund of the City of Fort Worth d/b/a Fort Worth Employees' Retirement Fund ("Fort Worth") and the City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami") (together, "Lead Plaintiffs"), respectfully state as follows:

1.      Deny the allegations in Paragraph 1, except: (i) admit that James River Group Holdings ("James River") is a Bermuda-registered holding company, organized for the purpose of acquiring and managing insurance and reinsurance entities; (ii) James River owns James River Insurance Company ("James River Insurance"); (iii) in early 2014, James River created a new type of insurance coverage for Uber, which filled the gap in insurance by covering an Uber driver while waiting to connect with or en route to pick up a passenger; (iv) that the Excess and Surplus ("E&S") lines segment produced 74.9% of James River's net written premiums in 2018, 76.6% in 2019, and 69.6% in 2020; (v) that the Uber business was a part of the E&S lines

segment; and (vi) that the E&S lines insurance focuses on insureds that generally cannot purchase insurance from standard lines insurers due to perceived risk related to their businesses.

2.      Paragraph 2 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 2 is necessary, Defendants deny them.

3.      Deny the allegations in Paragraph 3, except admit that Rasier LLC, a subsidiary of Uber, accounted for 25.2% and 25.4% of James River's gross written premiums in 2018 and 2019, respectively. Defendants respectfully refer the Court to the full text of the document or documents referenced for their true contents.

4.      Deny the allegations in Paragraph 4, except admit that James River announced on October 8, 2019 that it had "delivered a notice of early cancellation, effective December 31, 2019, of all insurance policies issued to its largest customer, Rasier LLC and its affiliates" and that an item "impacting its third quarter 2019 results" was "pre-tax, adverse development of between $55 and $60 million, net of reinsurance recoveries and reinstatement premiums." Defendants respectfully refer the Court to the full text of the referenced announcement and other document(s) for their true contents. Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations about Uber's stock price.

5.      Deny the allegations in Paragraph 5, except admit that James River held an earnings call on November 7, 2019 in which Abram participated, and respectfully refer the Court to the full text of the referenced reports filed with the SEC, the referenced analyst reports, and the transcript of the November 7, 2019 investor conference call for their true contents.

6.      Deny the allegations in Paragraph 6, and respectfully refer the Court to the full text of the analyst reports referenced for their true contents.

7.      Deny the allegations in Paragraph 7, except admit that on May 5, 2021, James River announced "$168.7 million of unfavorable development in the E&S segment." Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

8.      Deny the allegations in Paragraph 8, except admit that on May 5, 2021, James River announced a quarterly loss of $103.5 million and announced an "underwritten public offering of approximately $175 million of its common shares." Defendants respectfully refer the Court to the document(s) referenced for their full and true contents.

9.      Deny the allegations in Paragraph 9, except admit that Frank D'Orazio participated in earnings call on May 5, 2021. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

10.      Deny the allegations in Paragraph 10, except admit on October 26, 2021, James River announced preliminary financial results for the third quarter of 2021 and that James River's stock price closed at $32.75 on October 26, 2021. Defendants respectfully refer the Court to the full text of the referenced 8-K and press release dated October 26, 2021 for their true contents.

11.      Deny the allegations in Paragraph 11.

12.      Deny the allegations in Paragraph 12.

13.      Deny the allegations in Paragraph 13.

14.      Deny the allegations in Paragraph 14.

15.      Deny the allegations in Paragraph 15.

16.      Deny the allegations in Paragraph 16, except Defendants respectfully refer the Court to the documents from the *Mark. St. Amand v. James River Insurance Company, et al.* Case No. 2:20-cv-01666 (D. Nev.) ("*St. Amand*") litigation for their full and true contents.

17.      Deny the allegations in Paragraph 17, except admit that Anita Rogers was Vice President of Claims from May 2013 to July 2021. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

18.      Deny the allegations in Paragraph 18, and respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

19.      Deny the allegations in Paragraph 19, except Defendants respectfully refer the Court to the documents from the *St. Amand* litigation for their full and true contents.

20.      Deny the allegations in Paragraph 20, except admit that Ingrid Slaughter was Claims Manager and then Assistant Director of Litigated claims from September 2018 to July 2020, and Brianna Belcher was Claims Manager and Litigation Claims Adjuster from September 2015 to March 2021. Defendants respectfully refer the Court to the documents from the *St. Amand* litigation for their full and true contents.

21.      Deny the allegations in Paragraph 21. Defendants respectfully refer the Court to the documents from the *St. Amand* litigation for their full and true contents.

22.      Deny the allegations in Paragraph 22. Defendants respectfully refer the Court to the documents from the *St. Amand* litigation for their full and true contents.

23.      Deny the allegations in Paragraph 23.

24.      Deny the allegations in Paragraph 24.

25.      Deny the allegations in Paragraph 25. Defendants respectfully refer the Court to the documents from the *St. Amand* litigation for their full and true contents.

26.      Deny the allegations in Paragraph 26.

27.      Deny the allegations in Paragraph 27. Defendants respectfully refer the Court to the documents from the *St. Amand* litigation for their full and true contents.

28. Deny the allegations in Paragraph 28.

29. Paragraph 29 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 29 is necessary, Defendants deny them.

30. Paragraph 30 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 30 is necessary, Defendants deny them, except admit that James River Insurance Company is headquartered in Richmond, Virginia.

31. Paragraph 31 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 31 is necessary, Defendants deny them.

32. Deny the allegations in Paragraph 32, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about Fort Worth.

33. Deny the allegations in Paragraph 33, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about Miami.

34. Deny the allegations in Paragraph 34, except admit: (i) that James River is a Bermuda-registered holding company, organized for the purpose of acquiring and managing insurance and reinsurance entities; (ii) James River owns James River Insurance Company; (iii) James River's initial Form S-1 became effective in December 2014; and (iv) James River's common stock ticker is JRVR.

35. Deny the allegations in Paragraph 35, except admit that Robert Myron was the Company's President and Chief Operating Officer from August 2019 to July 2021; President and Chief Executive Officer from January 2018 to August 2019; the Chief Operating Officer from

September 2014 to December 2017; the Chief Executive Officer from October 2012 to September 2014; the Chief Financial Officer from June 2010 to September 2012; and served on James River's Board of Directors from December 2010 to November 2020.

36.    Deny the allegations in Paragraph 36, except admit that Myron signed filings with the SEC during the Class Period. Defendants respectfully refer the Court to the full text of the documents referenced for their true contents.

37.    Deny the allegations in Paragraph 37, except admit that Adam Abram was James River's founder and was: Chairman (Non-Executive) of the Board of Directors from November 2020 through July 2023; the Chief Executive Officer and Executive Chairman of the Board from August 2019 to November 2020; Chairman (Non-Executive) of the Board from January 2018 to August 2019; Chief Executive Officer and Executive Chairman of the Board from September 2014 to January 2018; Chairman (Non-Executive) of the Board from October 2012 to September 2014; President, Chief Executive Officer, and Chairman of the Board from March 2008 to October 2012; Chief Executive Officer and Executive Chairman of the Board from December 2007 to March 2008; and President and Chief Executive Officer of James River Group Inc. from September 2002 to December 2007.

38.    Deny the allegations in Paragraph 38, except admit that Abram signed filings with the SEC during the Class Period. Defendants respectfully refer the Court to the full text of the documents referenced for their true contents.

39.    Deny the allegations in Paragraph 39, except admit that Frank D'Orazio has been the CEO of James River and on its Board of Directors since November 2020.

40.     Deny the allegations in Paragraph 40, except admit that D'Orazio signed filings with the SEC during the Class Period. Defendants respectfully refer the Court to the full text of the documents referenced for their true contents.

41.     Deny the allegations in Paragraph 41, except admit that Sarah Doran has been the Chief Financial Officer of James River since January 2017.

42.     Deny the allegations in Paragraph 42, except admit that Doran signed filings with the SEC during the Class Period. Defendants respectfully refer the Court to the full text of the documents referenced for their true contents.

43.     State that no response is required to the allegations in Paragraph 43.

44.     Paragraph 44 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 44 is necessary, Defendants deny them.

45.     State that no response is required to the allegations in Paragraph 45.

46.     Deny the allegations in Paragraph 46, except admit that James River is a Bermuda-based holding company that owns James River Insurance, and that James River Insurance Company and James River Casualty Company underwrite the E&S lines.

47.     Deny the allegations in Paragraph 47, except admit that the E&S lines insurance focuses on insureds that generally cannot purchase insurance from standards lines insurers due to perceived risk related to their business. Defendants respectfully refer the Court to the full text of the 2018 Form 10-K for its true contents.

48.     Deny the allegations in Paragraph 48.

49.     Deny the allegations in Paragraph 49, except admit that James River's E&S Lines segment produced 74.9% of James River's net written premiums in 2018, 76.6% in 2019, and 69.6% in 2020.

50.     Deny the allegations in Paragraph 50, except admit that the Commercial Auto division administered James River's contract with Uber/Rasier and accounted for 49.1% of the E&S Lines' gross written premiums in 2018 and 44% in 2019.

51.     Deny the allegations in Paragraph 51, except admit that in March 2014 James River partnered with Uber to begin underwriting an insurance policy for Rasier, an Uber subsidiary.

52.     Deny the allegations in Paragraph 52, except admit that James River provided insurance to Uber drivers to fill the gap in coverage while drivers were logged into the Uber app and available to accept a passenger, but not actively transporting as passenger. Defendants further deny knowledge or information sufficient to form a belief as to the truth of whether James River was the only insurance company providing this type of insurance.

53.     Deny the allegations in Paragraph 53, except admit that Rasier LLC, a subsidiary of Uber, accounted for 25.2% and 25.4% of James River's gross written premiums in 2018 and 2019. Defendants respectfully refer the Court to the full text of the referenced filings and other document(s) for their true contents.

54.     Deny the allegations in Paragraph 54, except admit that James River had an earnings call on February 22, 2019 in which Myron participated and filed its 2018 Form 10-K on February 27, 2019. Defendants respectfully refer the Court to the full transcript of the earnings call and the Form 10-K for their true contents.

8

55. Deny the allegations in Paragraph 55. Defendants respectfully refer the Court to the full text of the referenced analyst reports for their true contents.

56. Deny the allegations in Paragraph 56. Defendants respectfully refer the Court to the full text of the referenced analyst reports for their true contents.

57. Deny the allegations in Paragraph 57, except admit that on October 8, 2019, James River announced the termination of the Uber contract. Defendants respectfully refer the Court to the full text of the documents referenced for their true contents.

58. Deny the allegations in Paragraph 58, except admit that on October 8, 2019, James River stock opened at $49.71 and closed at $48.94. Defendants respectfully refer the Court to the full text of the analyst reports cited for their true contents.

59. Deny the allegations in Paragraph 59, except admit that there was an earnings call on November 7, 2019 in which Abram participated. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

60. Deny the allegations in Paragraph 60, except admit that there was an earnings call on November 7, 2019 in which Abram participated. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

61. Deny the allegations in Paragraph 61. Defendants respectfully refer the Court to the full text of the referenced analyst reports for their true contents.

62. Deny the allegations in Paragraph 62, except admit that there was an earnings call on April 30, 2020 in which Abram and Doran participated. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

63.    Deny the allegations in Paragraph 63, except admit that on May 5, 2021, James River announced a charge of $168.7 million. Defendants respectfully refer the Court to the full text of the document(s) referenced for their true contents.

64.    Deny the allegations in Paragraph 64. Defendants respectfully refer the Court to the full text of the document(s) referenced for their true contents.

65.    Deny the allegations in Paragraph 65. Defendants respectfully refer the Court to the full text of the document(s) referenced for their true contents.

66.    Deny the allegations in Paragraph 66. Defendants respectfully refer the Court to the full text of the referenced analyst reports for their true contents.

67.    Deny the allegations in Paragraph 67, except that there was a pre-recorded earnings call on May 5, 2021 in which D'Orazio participated. Defendants respectfully refer the Court to the full text of the document(s) referenced for their true contents.

68.    Deny the allegations in Paragraph 68, except that there was a pre-recorded earnings call on May 5, 2021 in which D'Orazio participated. Defendants respectfully refer the Court to the full text of the document(s) referenced for their true contents.

69.    Deny the allegations in Paragraph 69. Defendants respectfully refer the Court to the full text of the referenced analyst reports for their true contents.

70.    Deny the allegations in Paragraph 70, except admit that James River announced a $103.5 million loss on May 5, 2021. Defendants respectfully refer the Court to the full text of the document(s) referenced for their true contents.

71.    Deny the allegations in Paragraph 71, except admit that James River's stock closed at $46.50 on May 5, 2021 and closed at $34.23 on May 6, 2021.

72.    Deny the allegations in Paragraph 72, except admit that James River announced a public offering of common shares on May 5, 2021. Defendants respectfully refer the Court to the full text of the analyst reports referenced for their true contents.

73.    Deny the allegations in Paragraph 73, except admit that (i) James River released a pre-recorded earnings call on May 5, 2021, (ii) James River announced on October 26, 2021 that there was a loss of "$29.6 million associated with the previously announced [Loss Portfolio Transfer]," and (iii) that James River's stock closed at $39.08 on October 26, 2021, and closed at $32.75 on October 27, 2021. Defendants respectfully refer the Court to the full text of the earnings call, announcement, and analyst reports referenced for their true contents.

74.    Deny the allegations in Paragraph 74, except admit that James River filed a 10-Q on November 3, 2021.

75.    Deny the allegations in Paragraph 75.

76.    Deny the allegations in Paragraph 76.

77.    Deny the allegations in Paragraph 77.

78.    Deny the allegations in Paragraph 78.

79.    Deny the allegations in Paragraph 79.

80.    Deny the allegations in Paragraph 80.

81.    Deny the allegations in Paragraph 81.

82.    Deny the allegations in Paragraph 82.

83.    Deny the allegations in Paragraph 83.

84.    Deny the allegations in Paragraph 84.

85.    Deny the allegations in Paragraph 85.

86.    Deny the allegations in Paragraph 86.

87.     Deny the allegations in Paragraph 87.

88.     Deny the allegations in Paragraph 88.

89.     Deny the allegations in Paragraph 89.

90.     Deny the allegations in Paragraph 90.

91.     Deny the allegations in Paragraph 91.

92.     Deny the allegations in Paragraph 92.

93.     Deny the allegations in Paragraph 93.

94.     Deny the allegations in Paragraph 94.

95.     Deny the allegations in Paragraph 95.

96.     Deny the allegations in Paragraph 96.

97.     Deny the allegations in Paragraph 97.

98.     Deny the allegations in Paragraph 98.

99.     Deny the allegations in Paragraph 99.

100.    Deny the allegations in Paragraph 100.

101.    Deny the allegations in Paragraph 101.

102.    Deny the allegations in Paragraph 102.

103.    Deny the allegations in Paragraph 103.

104.    Deny the allegations in Paragraph 104.

105.    Deny the allegations in Paragraph 105.

106.    Deny the allegations in Paragraph 106, except admit that: (i) the Reserve

Committee consists of James River's Chief Executive Officer, Chief Financial Officer, Chief

Accounting Officer, and Chief Actuary; (ii) the presidents, chief financial officers and segment

actuaries of each of the three insurance segments participate in the Reserve Committee meetings

for their respective segments; and (iii) at various points during the Class Period, Myron, Abram, D'Orazio, Doran, and Schmitzer served on the Reserve Committee.

107.    Deny the allegations in Paragraph 107. Defendants respectfully refer the Court Defendant's Forms 10-K for their true contents.

108.    Deny the allegations in Paragraph 108. Defendants respectfully refer the Court Defendant's Forms 10-K for their true contents.

109.    Deny the allegations in Paragraph 109, except admit that an earnings call was held on February 26, 2021 in which D'Orazio participated. Defendants respectfully refer the Court to the transcript of D'Orazio's statements for its true contents.

110.    Deny the allegations in Paragraph 110.

111.    Deny the allegations in Paragraph 111.

112.    Deny the allegations in Paragraph 112.

113.    Deny the allegations in Paragraph 113.

114.    Deny the allegations in Paragraph 114.

115.    Deny the allegations in Paragraph 115, except admit that Rogers, Slaughter, and Belcher were deposed in connection with *St. Amand* litigation Defendants respectfully refer the Court to the full deposition testimonies of Rogers, Slaughter, and Belcher for their true contents.

116.    Deny the allegations in Paragraph 116.

117.    Deny the allegations in Paragraph 117. Defendants respectfully refer the Court to the full deposition testimonies of Rogers, Slaughter, and Belcher for their true contents.

118.    Deny the allegations in Paragraph 118. Defendants respectfully refer the Court to the testimony from *St. Amand* for its true contents.

119.    Deny the allegations in Paragraph 119. Defendants respectfully refer the Court Defendant's Forms 10-K for their true contents.

120.    Deny the allegations in Paragraph 120. Defendants respectfully refer the Court to the full deposition testimonies of Rogers, Slaughter, and Belcher for their true contents.

121.    Deny the allegations in Paragraph 121. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

122.    Deny the allegations in Paragraph 122. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

123.    Deny the allegations in Paragraph 123. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

124.    Deny the allegations in Paragraph 124. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

125.    Deny the allegations in Paragraph 125. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

126.    Deny the allegations in Paragraph 126. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

127.    Deny the allegations in Paragraph 127, except admit that Ingrid Slaughter was Claims Manager and then Assistant Director of Litigated claims from September 2018 to July 2020. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true content.

128.    Deny the allegations in Paragraph 128. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

14

129. Deny the allegations in Paragraph 129. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

130. Deny the allegations in Paragraph 130, except admit that Brianna Belcher was Claims Manager and Litigation Claims Adjuster from September 2015 to March 2021. Defendants respectfully refer the Court to the full deposition testimony of Belcher for its true contents.

131. Deny the allegations in Paragraph 131. Defendants respectfully refer the Court to the full deposition testimony of Belcher for its true contents.

132. Deny the allegations in Paragraph 132. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

133. Deny the allegations in Paragraph 133. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

134. Deny the allegations in Paragraph 134. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

135. Deny the allegations in Paragraph 135. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

136. Deny the allegations in Paragraph 136. Defendants respectfully refer the Court to the full deposition testimonies of Slaughter and Belcher for their true contents.

137. Deny the allegations in Paragraph 137. Defendants respectfully refer the Court to the full deposition testimonies of Slaughter and Belcher for their true contents.

138. Deny the allegations in Paragraph 138. Defendants respectfully refer the Court to the full deposition testimonies of Slaughter and Belcher for their true contents.

139. Deny the allegations in Paragraph 139. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

140. Deny the allegations in Paragraph 140. Defendants respectfully refer the Court to the full deposition testimonies of Slaughter and Belcher for their true contents.

141. Deny the allegations in Paragraph 141, except admit that there was a PLM email account.

142. Deny the allegations in Paragraph 142. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

143. Deny the allegations in Paragraph 143. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

144. Deny the allegations in Paragraph 144, except admit that Donna Jefferson was Claims Manager from July 2017 to June 2018, Assistant Director, Claims from June 2018 to February 2020, and then Director, Claims through present. Currently, Jefferson is the AVP, Claims Director. Defendants respectfully refer the Court to the full deposition testimony of Slaughter for its true contents.

145. Deny the allegations in Paragraph 145. Defendants respectfully refer the Court to the full deposition testimony of Rogers for its true contents.

146. Deny the allegations in Paragraph 146.

147. Deny the allegations in Paragraph 147. Defendants respectfully refer the Court to the full deposition testimonies of Slaughter and Belcher for their true contents.

148. Deny the allegations in Paragraph 148.

149. Deny the allegations in Paragraph 149.

150. Deny the allegations in Paragraph 150.

16

151.    Deny the allegations in Paragraph 151.

152.    Deny the allegations in Paragraph 152. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents. Defendants incorporate by reference their answers to the referenced Paragraphs.

153.    Deny the allegations in Paragraph 153. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents.

154.    Deny the allegations in Paragraph 154. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents. Defendants incorporate by reference their answers to the referenced Paragraphs.

155.    Deny the allegations in Paragraph 155. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents.

156.    Deny the allegations in Paragraph 156. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents. Defendants incorporate by reference their answers to the referenced Paragraphs.

157.    Deny the allegations in Paragraph 157. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents.

158.    Deny the allegations in Paragraph 158. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents. Defendants incorporate by reference their answers to the referenced Paragraphs.

159.    Deny the allegations in Paragraph 159. Defendants respectfully refer the Court to the claims file in the *St. Amand* litigation for its true and full contents. Defendants incorporate by reference their answers to the referenced Paragraphs.

160.    Deny the allegations in Paragraph 160.

161.    Deny the allegations in Paragraph 161.

162.    Deny the allegations in Paragraph 162, except admit that James River filed a press release and Form 8-K on February 21, 2019, held an earnings call on February 22, 2019, and filed a Form 10-K on February 27, 2019.

163.    Deny the allegations in Paragraph 163. Defendants respectfully refer the Court to the full text of the referenced press release for its true contents.

164.    Deny the allegations in Paragraph 164. Defendants respectfully refer the Court to the full text of the referenced press release and earnings call for their true contents.

165.    Deny the allegations in Paragraph 165. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

166.    Paragraph 166 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 166 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

167.    Deny the allegations in Paragraph 167, except admit that James River filed a press release and Form 8-K on May 1, 2019, held an earnings call on May 2, 2019, and filed a Form 10-Q on May 3, 2019.

168.    Deny the allegations in Paragraph 168, except admit that James River filed Form 10-Q on May 3, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

169.    Deny the allegations in Paragraph 169, except admit that James River filed Form 10-Q on May 3, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

170.   Paragraph 170 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 170 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

171.   Deny the allegations in Paragraph 171, except admit that James River filed a press release and Form 8-K on July 31, 2019, held an earnings call on August 1, 2019, and filed a Form 10-Q on August 2, 2019.

172.   Deny the allegations in Paragraph 172, except admit that James River filed a Form 10-Q on August 2, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

173.   Deny the allegations in Paragraph 173, except admit that James River filed a Form 10-Q on August 2, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

174.   Deny the allegations in Paragraph 174, except admit that James River filed a press release on July 31, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

175.   Paragraph 175 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 175 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

176.   Deny the allegations in Paragraph 176, except admit that James River filed a press release and Form 8-K on November 6, 2019, and held an earnings call and filed a Form 10-Q on November 7, 2019.

177.    Deny the allegations in Paragraph 177, except admit that James River filed a press release on November 6, 2019 and a Form 10-Q on November 7, 2019. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

178.    Deny the allegations in Paragraph 178, except admit that James River filed a Form 10-Q on November 7, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

179.    Deny the allegations in Paragraph 179, except admit that James River filed a press release on November 6, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

180.    Paragraph 180 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 180 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

181.    Deny the allegations in Paragraph 181, except admit that James River filed a press release and Form 8-K on February 20, 2020, held an earnings call on February 21, 2020, and filed a Form 10-K on February 27, 2020.

182.    Deny the allegations in Paragraph 182, except admit that James River filed a press release on February 20, 2020 and a Form 10-K on February 27, 2020. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

183.    Deny the allegations in Paragraph 183, except admit that James River filed a press release on February 20, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

184.    Deny the allegations in Paragraph 184, except admit that James River held an earnings call on February 21, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

185.    Deny the allegations in Paragraph 185, except admit that James River filed a Form 10-K on February 27, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

186.    Paragraph 186 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 186 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

187.    Deny the allegations in Paragraph 187, except admit that James River filed a press release and Form 8-K on April 29, 2020, and held an earnings call and filed a Form 10-Q on April 30, 2020.

188.    Deny the allegations in Paragraph 188, except admit that James River filed a press release on April 29, 2020 and a Form 10-Q on April 30, 2020. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

189.    Deny the allegations in Paragraph 189, except admit that James River filed a Form 10-Q on April 30, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for their true contents.

190.    Deny the allegations in Paragraph 190, except admit that James River filed a press release on April 29, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for their true contents.

21

191.    Deny the allegations in Paragraph 191, except admit that James River held an earnings call on April 30, 2020. Defendants respectfully refer the Court to the full text of the referenced transcript for their true contents.

192.    Paragraph 192 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 192 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

193.    Deny the allegations in Paragraph 193, except admit that James River filed a press release, Form 8-K, and held an earnings call on July 30, 2020, and filed a Form 10-Q on July 31, 2020.

194.    Deny the allegations in Paragraph 194, except admit that James River filed a press release on July 29, 2020 and a Form 10-Q on July 31, 2020. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

195.    Deny the allegations in Paragraph 195, except admit that James River filed a Form 10-Q on July 31, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for their true contents.

196.    Deny the allegations in Paragraph 196, except admit that James River filed a press release on July 29, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for their true contents

197.    Paragraph 197 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 197 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

198.    Deny the allegations in Paragraph 198, except admit that James River filed a press release and Form 8-K on October 28, 2020, and held an earnings call and filed a Form 10-Q on October 29, 2020.

199.    Deny the allegations in Paragraph 199, except admit that James River filed a press release on October 28, 2020 and a Form 10-Q on October 29, 2020. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

200.    Deny the allegations in Paragraph 200, except admit that James River filed a Form 10-Q on October 29, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

201.    Deny the allegations in Paragraph 201, except admit that James River filed a press release on October 28, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

202.    Deny the allegations in Paragraph 202, except admit that James River held an earnings call on October 29, 2020. Defendants respectfully refer the Court to the full text of the referenced transcript for its true contents.

203.    Paragraph 203 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 203 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

204.    Deny the allegations in Paragraph 205, except admit that James River filed a press release and Form 8-K on February 17, 2021.

205.    Paragraph 205 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 205 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

206.    Deny the allegations in Paragraph 206, except admit that James River filed a press release and Form 8-K on February 25, 2021, and held an earnings call and filed a Form 10-K on February 26, 2021.

207.    Deny the allegations in Paragraph 207, except admit that James River filed a press release on February 25, 2021 and a Form 10-K on February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

208.    Deny the allegations in Paragraph 208, except admit that James River filed a press release on February 25, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

209.    Deny the allegations in Paragraph 209, except admit that James River held an earnings call on February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced transcript for its true contents.

210.    Deny the allegations in Paragraph 210, except admit that James River filed a Form 10-K on February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

211.    Deny the allegations in Paragraph 211, except admit that James River filed an investor presentation on March 1, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

212.    Paragraph 212 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 212 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

213.    Deny the allegations in Paragraph 213, except admit that James River filed a press release and Form 8-K, filed a Form 10-Q, and released a pre-recorded earnings call on May 5, 2021.

214.    Deny the allegations in Paragraph 214, except admit that James River filed a press release and Form 10-Q on May 5, 2021. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

215.    Deny the allegations in Paragraph 215, except admit that James River filed a Form 10-Q on May 5, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

216.    Deny the allegations in Paragraph 216, except admit that James River released a pre-record earnings call on May 5, 2021. Defendants respectfully refer the Court to the full transcript of the referenced call for its true contents.

217.    Paragraph 217 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 217 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

218.    Deny the allegations in Paragraph 218, except admit that James River filed a press release and Form 8-K on August 4, 2021, and held an earnings call and filed a Form 10-Q on August 5, 2021.

219.    Deny the allegations in Paragraph 219, except admit that James River filed a press release on August 4, 2021 and a Form 10-Q on August 5, 2021. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

220.    Deny the allegations in Paragraph 220, except admit that James River filed a Form 10-Q on August 5, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

221.    Deny the allegations in Paragraph 221, except admit that James River filed a press release on August 4, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

222.    Paragraph 222 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 222 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

223.    Paragraph 223 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 223 is necessary, Defendants deny them.

224.    Paragraph 224 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 224 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

225.    Paragraph 225 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 225 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

226.    Paragraph 226 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 226 is necessary, Defendants deny

them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

227. Paragraph 227 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 227 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

228. Paragraph 228 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 228 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

229. Paragraph 229 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 229 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

230. Paragraph 230 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 230 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

231. Paragraph 231 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 231 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

232.     Paragraph 232 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 232 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

233.     Paragraph 233 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 233 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

234.     Paragraph 234 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 234 is necessary, Defendants deny them. Defendants respectfully refer the Court to the referenced documents for their full and true contents.

235.     Deny the allegations in Paragraph 235 and incorporate by reference their answers to the referenced Paragraphs. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

236.     Paragraph 236 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 236 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

237.     Deny the allegations in Paragraph 237, except admit that James River's Form 10-Ks and 10-Qs during the Class Period contained Sarbanes-Oxley certifications and incorporate by reference their answers to the referenced Paragraphs. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

238. Deny the allegations in Paragraph 238, except admit that James River's Form 10-Ks and 10-Qs during the Class Period contained Sarbanes-Oxley certifications. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

239. Deny the allegations in Paragraph 23, except admit that James River's 10-Ks and 10-Qs during the Class Period contained Sarbanes-Oxley certifications and incorporate by reference their answers to the referenced Paragraphs. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

240. Deny the allegations in Paragraph 240. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

241. Paragraph 241 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 241 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

242. Paragraph 242 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 242 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

243. Paragraph 243 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 243 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

244. Deny the allegations in Paragraph 244, except admit that James River filed a 10-K on February 27, 2019.

245. Deny the allegations in Paragraph 245, except admit that James River filed a 10-K on February 27, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

246.    Deny the allegations in Paragraph 246, except admit that James River filed a Form 10-K on February 27, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

247.    Deny the allegations in Paragraph 247, except admit that James River filed a Form 10-K on February 27, 2019. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

248.    Paragraph 248 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 248 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

249.    Paragraph 249 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 249 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

250.    Deny the allegations in Paragraph 250, except admit that James River filed a Form 10-Q and held an earnings call on November 7, 2019.

251.    Deny the allegations in Paragraph 251, except admit that James River held an earnings call on November 7, 2019. Defendants respectfully refer the Court to the full transcript of the referenced earnings call for its true contents.

252.    Paragraph 252 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 252 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

253.    Deny the allegations in Paragraph 253, except admit that James River filed a Form 10-K on February 27, 2020.

254. Deny the allegations in Paragraph 254, except admit that James River filed a Form 10-K on February 27, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

255. Deny the allegations in Paragraph 255, except admit that James River filed a Form 10-K on February 27, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

256. Deny the allegations in Paragraph 256, except admit that James River filed a Form 10-K on February 27, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

257. Paragraph 257 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 257 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

258. Paragraph 258 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 258 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

259. Deny the allegations in Paragraph 249, except admit that James River held an earnings call on February 21, 2020.

260. Paragraph 260 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 260 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

261. Deny the allegations in Paragraph 261, except admit that James River filed a Form 10-Q and held an earnings call on April 30, 2020.

262.    Deny the allegations in Paragraph 262, except admit that James River held an earnings call on April 30, 2020. Defendants respectfully refer the Court to the full text of the transcript referenced for its true contents.

263.    Paragraph 263 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 263 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

264.    Deny the allegations in Paragraph 264, except admit that Defendants filed a Form 10-K on February 26, 2021 and incorporate by reference their response to the referenced Paragraph.

265.    Deny the allegations in Paragraph 265, except admit that Defendants filed a Form 10-K on February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

266.    Deny the allegations in Paragraph 266, except admit that Defendants filed a Form 10-K on February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

267.    Deny the allegations in Paragraph 267, except admit that Defendants filed a Form 10-K on February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

268.    Paragraph 268 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 268 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

269.     Paragraph 269 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 269 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

270.     Paragraph 270 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 270 is necessary, Defendants deny them and respectfully refer the Court to the referenced regulations and ASCs for their full and true contents.

271.     Paragraph 271 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 271 is necessary, Defendants deny them and respectfully refer the Court to the referenced regulations and ASCs for their full and true contents.

272.     Paragraph 272 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 272 is necessary, Defendants deny them and respectfully refer the Court to the referenced ACSs for their full and true contents.

273.     Deny the allegations in Paragraph 273, except admit that Defendants filed Forms 10-K on March 1, 2018, February 27, 2019, and February 27 2020. Defendants respectfully refer the Court to the referenced filings for their full and true contents.

274.     Paragraph 274 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 274 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

275.     Deny the allegations in Paragraph 275, except admit that James River held an earnings call on November 7, 2019. Defendants respectfully refer the Court to the referenced earnings call and other document(s) for their full and true contents.

276.    Paragraph 276 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 276 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

277.    Paragraph 277 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 277 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

278.    Paragraph 278 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 278 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

279.    Paragraph 279 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 279 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

280.    Deny the allegations but admit that James River released an earnings call on May 5, 2021. Defendants respectfully refer the Court to the referenced document(s) for their full and true contents.

281.    Paragraph 281 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 281 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

282.    Paragraph 282 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 282 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

283. Defendants deny the allegations in Paragraph 283, but admit that James River filed a Form 10-K on February 26, 2021. Defendants respectfully refer the Court to the referenced filing for its full and true contents.

284. Paragraph 284 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 284 is necessary, Defendants deny them.

285. Paragraph 285 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 285 is necessary, Defendants deny them.

286. Paragraph 286 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 286 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

287. Paragraph 287 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 287 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards for their full and true contents.

288. Paragraph 288 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 288 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

289. Paragraph 289 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 289 is necessary, Defendants deny them.

290.    Paragraph 290 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 290 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

291.    Paragraph 291 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 291 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

292.    Paragraph 292 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 292 is necessary, Defendants deny them.

293.    Paragraph 293 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 293 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

294.    Paragraph 294 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 294 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

295.    Paragraph 295 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 295 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

296.    Paragraph 296 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 296 is necessary, Defendants deny

them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

297. Paragraph 297 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 297 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

298. Paragraph 298 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 298 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

299. Paragraph 299 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 299 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

300. Paragraph 300 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 300 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

301. Paragraph 301 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 301 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

302.    Paragraph 302 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 302 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

303.    Paragraph 303 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 303 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

304.    Paragraph 304 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 304 is necessary, Defendants deny them and respectfully refer the Court to the referenced standards and documents for their full and true contents.

305.    Paragraph 305 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 305 is necessary, Defendants deny them.

306.    Paragraph 306 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 306 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

307.    Paragraph 307 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 307 is necessary, Defendants deny them and incorporate by reference their answers to the referenced Paragraphs.

308.    Deny the allegations in Paragraph 308.

309.    Deny the allegations in Paragraph 309. Defendants respectfully refer the Court to the referenced filings for their full and true contents.

310.    Deny the allegations in Paragraph 310, except admit that: (i) the Reserve Committee included: the Chief Actuary, Chief Executive Officer, President and Chief Operating Officer, Chief Financial Officer, and Chief Accounting Officer, with assistance from the presidents, chief financial officers, and chief actuaries from each of James River's three insurance segments; and (ii) during the Class Period, Myron, Abram, D'Orazio, Doran, and Schmitzer served on the Reserve Committee. Defendants respectfully refer the Court to the reference filings for their full and true filings.

311.    Deny the allegations in Paragraph 311. Defendants respectfully refer the Court to the full text of the filings reference for their true contents.

312.    Deny the allegations in Paragraph 312. Defendants respectfully refer the Court to the full text of the filings reference for their true contents.

313.    Deny the allegations in Paragraph 313 and incorporate by reference their answers to the referenced Paragraphs.

314.    Paragraph 314 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 314 is necessary, Defendants deny them.

315.    Deny the allegations in Paragraph 315 and incorporate by reference their answers to the referenced paragraph.

316.    Deny the allegations in Paragraph 316 and incorporate by reference their answers to the referenced paragraphs.

317.    Paragraph 317 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 317 is necessary, Defendants deny them.

318.    Deny the allegations in Paragraph 318.

319.    Deny the allegations in Paragraph 319 and incorporate by reference their answers to the reference Paragraphs.

320.    Paragraph 320 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 320 is necessary, Defendants deny them.

321.    Deny the allegations in Paragraph 321 and incorporate by reference their answers to the referenced Paragraphs. Defendants respectfully refer the Court to the full text of the referenced document(s) for their true contents.

322.    Deny the allegations in Paragraph 322, except admit that James River released a pre-recorded earnings call on May 5, 2021. Defendants respectfully refer the Court to the full transcript of the referenced earnings call for its true contents.

323.    Deny the allegations in Paragraph 323.

324.    Deny the allegations in Paragraph 324 and incorporate by reference their answers to the referenced Paragraphs.

325.    Paragraph 325 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 325 is necessary, Defendants deny them.

326.    Deny the allegations in Paragraph 326 and incorporate by reference their responses to the reference Paragraphs.

40

327.    Paragraph 327 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 327 is necessary, Defendants deny them.

328.    Deny the allegations in Paragraph 328. Defendants respectfully refer the Court to the referenced filings for their full and true contents.

329.    Deny the allegations in Paragraph 329 and incorporate by reference their answers to the referenced Paragraphs.

330.    Paragraph 330 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 330 is necessary, Defendants deny them.

331.    Paragraph 331 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 331 is necessary, Defendants deny them.

332.    Deny the allegations in Paragraph 332 and incorporate by reference their answers to the referenced Paragraphs.

333.    Paragraph 333 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 333 is necessary, Defendants deny them.

334.    Paragraph 334 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 334 is necessary, Defendants deny them.

335.    Deny the allegations in Paragraph 335 and incorporate by reference their answers to the referenced Paragraphs.

41

336.    Deny the allegations in Paragraph 336, except admit that James River held an earnings call on May 2, 2019. Defendants respectfully refer the Court to the full transcript of the referenced earnings call for its true contents.

337.    Deny the allegations in Paragraph 337 and incorporate by reference their answers to the referenced Paragraphs.

338.    Deny the allegations in Paragraph 338.

339.    Deny the allegations in Paragraph 339 and incorporate by reference their answers to the referenced Paragraphs.

340.    Deny the allegations in Paragraph 340.

341.    Deny the allegations in Paragraph 341.

342.    Deny the allegations in Paragraph 342, except admit that Schmitzer was James River Insurance's CEO during the Class Period and sat on the Reserve Committee.

343.    Paragraph 343 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 343 is necessary, Defendants deny them.

344.    Deny the allegations in Paragraph 344 and incorporate by reference their answers to the referenced Paragraph.

345.    Paragraph 345 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 345 is necessary, Defendants deny them.

346.    Deny the allegations in Paragraph 346, except admit that Myron and Doran sold 20.55% and 4.99% of their James River holdings on August 4, 2020 and November 17, 2020, respectively.

347.    Deny the allegations in Paragraph 347, except admit that Myron sold 65,000 shares on August 4, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

348.    Deny the allegations in Paragraph 348. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

349.    Deny the allegations in Paragraph 349, except admit that Doran sold 14,012 shares of James River stock on November 17, 2020. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

350.    Paragraph 350 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 350 is necessary, Defendants deny them.

351.    Deny the allegations in Paragraph 351.

352.    Deny the allegations in Paragraph 352, except admit that James River held an earnings call on November 7, 2019. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

353.    Deny the allegations in Paragraph 353, except admit that James River held an earnings call on February 26, 2021. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

354.    Paragraph 354 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 354 is necessary, Defendants deny them.

355.    Deny the allegations in Paragraph 355.

356.    Deny the allegations in Paragraph 356 and incorporate by reference Defendants answers to the referenced Paragraphs.

357.    Deny the allegations in Paragraph 357, except admit that James River held an earnings call on February 22, 2019. Defendants respectfully refer the Court to the full transcript of the call for its true contents.

358.    Paragraph 358 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 358 is necessary, Defendants deny them.

359.    Paragraph 359 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 359 is necessary, Defendants deny them.

360.    Deny the allegations in Paragraph 360 and incorporate by reference their answers to the referenced Paragraphs.

361.    Paragraph 361 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 361 is necessary, Defendants deny them.

362.    Deny the allegations in Paragraph 362. Defendants respectfully refer the Court to the referenced document(s) for their full and true contents.

363.    Deny the allegations in Paragraph 363, except admit that James River held an earnings call on November 7, 2019. Defendants respectfully refer the Court to the full transcript of the referenced call for its true contents.

364.    Deny the allegations in Paragraph 364, except admit that James River held an earnings call on November 7, 2019. Defendants respectfully refer the Court to the full transcript of the referenced call for its true contents.

365.    Deny the allegations in Paragraph 365.

366.    Deny the allegations in Paragraph 366, except admit that James River held an earnings call on February 26, 2021. Defendants respectfully refer the Court to the full transcript of the referenced call for its true contents.

367.    Paragraph 367 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 367 is necessary, Defendants deny them.

368.    Deny the allegations in Paragraph 368, except admit that James River filed Form 10-Ks on February 27, 2019, February 27, 2020, and February 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filings for their true contents.

369.    Paragraph 369 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 369 is necessary, Defendants deny them.

370.    Paragraph 370 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 370 is necessary, Defendants deny them.

371.    Paragraph 371 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 371 is necessary, Defendants deny them.

372.    Paragraph 372 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 372 is necessary, Defendants deny them.

373.    Deny the allegations in Paragraph 373, except admit that James River filed a press release on October 8, 2019. Defendants respectfully refer the Court to the full text of the filing for its true contents.

374.    Deny the allegations in Paragraph 374, except admit that James River's stock closed at $48.94 on October 8, 2019 and closed at $37.88 on October 9, 2019.

375.    Deny the allegations in Paragraph 375, except admit that James River filed a press release on November 6, 2019 and held an earnings call on November 7, 2019. Defendants respectfully refer the Court to the full text of the referenced documents for their true contents.

376.    Deny the allegations in Paragraph 376, except admit that James River's stock opened at $36.09 on November 7, 2019 and closed at $34.95 on November 7, 2019.

377.    Deny the allegations in Paragraph 377, except admit that Defendants filed a press release and Form 8-K, filed a Form 10-Q, and released a pre-recorded earnings call on May 5, 2021. Defendants respectfully refer the Court to the full text of the referenced documents for their true contents.

378.    Paragraph 378 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 378 is necessary, Defendants deny them.

379.    Deny the allegations in Paragraph 379, except admit that James River announced a secondary offering on May 5, 2021.

380.    Deny the allegations in Paragraph 380, except admit that James River stock closed at $46.50 on May 5, 2021 and closed at $34.23 on May 6, 2021.

381.    Deny the allegations in Paragraph 381, except admit that James River filed a press release on October 26, 2021. Defendants respectfully refer the Court to the full text of the referenced filing for its true contents.

382.    Deny the allegations in Paragraph 382, except admit that James River's stock closed at $39.08 on October 25, 2021 and closed at $32.75 on October 26, 2021.

383.    Paragraph 383 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 383 is necessary, Defendants deny them.

384.    Paragraph 384 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 384 is necessary, Defendants deny them.

385.    Paragraph 385 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 385 is necessary, Defendants deny them.

386.    Paragraph 386 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 386 is necessary, Defendants deny them.

387.    Paragraph 387 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 387 is necessary, Defendants deny them.

388.    Paragraph 388 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 388 is necessary, Defendants deny them.

389.    Paragraph 389 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 389 is necessary, Defendants deny them, except to admit that Plaintiffs purport to assert claims of a putative class as described in Paragraph 389.

390.    Paragraph 390 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 390 is necessary, Defendants deny them, except admit that James River had 37,291,149 shares of common stock issued and outstanding.

391.    Paragraph 391 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 391 is necessary, Defendants deny them.

392.    Paragraph 392 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 392 is necessary, Defendants deny them.

393.    Paragraph 393 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 393 is necessary, Defendants deny them.

394.    Paragraph 394 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 394 is necessary, Defendants deny them.

395.    Defendants incorporate by reference their answers to Paragraphs 1 through 394.

396.    Paragraph 396 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 396 is necessary, Defendants deny them.

397.    Paragraph 397 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 397 is necessary, Defendants deny them.

398.    Paragraph 398 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 398 is necessary, Defendants deny them.

399.    Paragraph 399 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 399 is necessary, Defendants deny them.

400.    Paragraph 400 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 400 is necessary, Defendants deny them.

401.    Paragraph 401 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 401 is necessary, Defendants deny them.

402.    Paragraph 402 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 402 is necessary, Defendants deny them.

403.    Paragraph 403 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 403 is necessary, Defendants deny them.

404.    Defendants incorporate by reference their answers to Paragraphs 1 through 403.

405.    Paragraph 405 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 405 is necessary, Defendants deny them.

406.    Paragraph 406 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 406 is necessary, Defendants deny them.

407.    Paragraph 407 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 407 is necessary, Defendants deny them.

408.    Paragraph 408 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 408 is necessary, Defendants deny them.

409.    Paragraph 409 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 409 is necessary, Defendants deny them.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs, or any plaintiff class, is entitled to the relief requested or to any relief, and deny any and all other allegations of the Second Amended Complaint except as specifically admitted above.

## ANSWER TO JURY DEMAND

Defendants admit that Plaintiffs demand a trial by jury.

## ADDITIONAL DEFENSES

As additional defenses, Defendants allege, assert, and state the following, which apply to each and every cause of action asserted in the Second Amended Complaint to which such defenses may be applicable. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them. Defendants also do not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them. Defendants assert and expressly reserve all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery. Use of the term "Plaintiffs" in the defenses refers to Lead Plaintiffs, and to any member of the putative plaintiff class alleged in the Second Amended Complaint.

## FIRST DEFENSE

The Second Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

## THIRD DEFENSE

Defendants provided accurate and complete disclosure and fully satisfied their disclosure obligations as a matter of law. Among other things, Defendants expressly and timely disclosed to the market the uncertain nature of the type of insurance that it provided to Uber and its actuarial process.

51

**FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants did not make any statements that were false or misleading when made.

**FIFTH DEFENSE**

Defendants are not liable because the alleged misstatements are opinions and Defendants did not omit material facts regarding the basis of those opinions that rendered them misleading to a reasonable person regarding the statements fairly and in context. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*, 135 S. Ct. 1318 (2015).

**SIXTH DEFENSE**

Defendants are not liable because the alleged misstatements are opinions and James River accurately disclosed the basis of those opinions. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*, 135 S. Ct. 1318 (2015).

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged misrepresentations were not material as a matter of law.

**EIGHTH DEFENSE**

Defendants are not liable because they did not act with scienter.

**NINTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs knew of the alleged misstatements or omissions at the time it acquired James River common stock.

**TENTH DEFENSE**

Under the "safe harbor" provision of the Private Securities Litigation Reform Act of 1995, 15. U.S.C. § 77z-2(c), and the "bespeaks caution" doctrine, Defendants are not liable

because the alleged misstatements were forward-looking statements, identified as such, and accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ from those in the forward-looking statements.

## ELEVENTH DEFENSE

Under the "safe harbor" provision of the Private Securities Litigation Reform Act of 1995, 15. U.S.C. § 77z-2(c), the Defendants are not liable because the alleged misstatements were forward looking statements and made without actual knowledge that the statements were false or misleading.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they did not rely on the alleged misstatements or omissions.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they did not suffer any damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because, to the extent Plaintiffs have suffered damages, such damages must be offset by Plaintiffs' gains on their holdings of James River securities.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because a portion or all of Plaintiffs' alleged damages were not caused by the alleged misstatements or omissions.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because a portion or all of Plaintiffs' alleged losses arise from a decline in share price of James River's common stock that was not the

result of any material misrepresentation or actionable omission by Defendants, or were otherwise caused or contributed to by factors other than any alleged misrepresentation or omission for which Defendants may be responsible.

## SEVENTEENTH DEFENSE

Defendants are not liable because the alleged misstatements or omissions did not affect the market price of James River securities.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they failed to mitigate damages.

## NINETEENTH DEFENSE

Plaintiffs cannot establish transaction causation.

## TWENTIETH DEFENSE

Plaintiffs cannot establish loss causation.

## TWENTY-FIRST DEFENSE

Defendants are not liable as "controlling persons" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because they did not control any person liable under Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5.

## TWENTY-SECOND DEFENSE

Defendants are not liable as "controlling persons" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because they acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5.

## TWENTY-THIRD DEFENSE

Defendants are not liable as "controlling persons" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because they did not participate in any violation of Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5.

\* \* \*

**WHEREFORE**, Defendants respectfully request judgment dismissing the Second Amended Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Dated: October 6, 2023                    Respectfully submitted,

By: /s/ Bryan A. Fratkin
Bryan A. Fratkin (VSB# 38933)
Brian E. Pumphrey (VSB# 47312)
Garrett H. Hooe (VSB# 83983)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4352
Facsimile: (804) 698-2100
bfratkin@mcguirewoods.com
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com

**DEBEVOISE & PLIMPTON LLP**
Maeve O'Connor (*pro hac vice*)
Susan Reagan Gittes (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 521-7715
mloconnor@debevoise.com
srgittes@debevoise.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will automatically serve all counsel of record registered with the Court's CM/ECF system.

/s/ Bryan A. Fratkin
Bryan A. Fratkin (VSB# 38933)