**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN <br><br> <u>CLASS ACTION</u> |

**<u>BRIEF IN SUPPORT OF JOINT MOTION</u>**
**<u>FOR EXTENSION OF TIME TO COMPLETE DISCOVERY</u>**

Lead Plaintiffs Employees' Retirement Fund of the City of Fort Worth d/b/a Fort Worth Employees' Retirement Fund ("Fort Worth") and The City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami") (collectively "Lead Plaintiffs") and Defendants James River Group Holdings, Ltd. ("James River" or "the Company"), Robert P. Myron, J. Adam Abram, Frank N. D'Orazio, and Sarah C. Doran (collectively "Defendants") (each a "Party," and together, the "Parties"), respectfully, and by counsel, jointly move the Court to permit a 30-day extension of the discovery deadlines in this matter pursuant to the Court's Scheduling and Pretrial Order, ECF No. 95 ¶ 5(b) (the "Scheduling Order"). As described below and in the attached declaration of Laura J. Samuels ("Samuels Decl."), particular aspects of the document discovery in this matter are uniquely challenging and require additional time to complete, which, in turn, impact deposition scheduling, expert reports, and related deadlines. Notably, the proposed extension will ***not*** affect the trial date set by the Court in the Scheduling Order.

**BACKGROUND**

Consistent with the Court's Scheduling Order, the Parties have moved promptly to begin, and continue to engage in, discovery on the timetable required by the Court. Specifically, on

September 11, 2023, Lead Plaintiffs served 43 document requests on Defendants and have requested custodians and search terms that would result in a "review universe" of approximately 1.8 million documents.[1]   Defendants promptly began collecting and reviewing responsive materials—even while the parties continued to engage in discussions over the appropriate scope of the review, including whether a subset of responsive documents could feasibly be produced by Defendants on a "priority" basis with an earlier substantial completion date.  To date, Defendants have made five productions totaling 61,489 documents and 562,757 pages and have a team of 175 document review attorneys working to complete the review and production process as quickly as possible (and are onboarding 50 more).  The Parties have worked cooperatively to resolve potential disputes regarding discovery in keeping with this Court's instructions.

Finally, the Parties wish to inform the Court that in, keeping with the Court's guidance at the Initial Pretrial Conference and in the interests of pursuing a negotiated resolution of this litigation, the Parties have scheduled a private mediation before an experienced mediator in securities and complex litigation, Jed Melnick of JAMS, on November 3, 2023; the Parties are also scheduled to have a settlement conference before Magistrate Judge Colombell on January 8, 2024.

**ARGUMENT**

Defendants have reached the conclusion that it is practically impossible to substantially complete production with sufficient time for expert discovery under the Scheduling Order, while ensuring that sensitive information of third parties is appropriately protected, consistent with case law in the Fourth Circuit and this District.  Plaintiffs respectfully submit that they have been diligently prosecuting this case, but will be significantly prejudiced if they have to file their expert

---

[1]   Details of the discovery conducted to date and challenges faced moving forward are explained in detail in the Declaration of Laura J. Samuels, attached to this Motion as Exhibit A (hereinafter, the "Samuels Decl.").

reports on the currently scheduled deadline of November 10, 2023 without Defendants' documents. In the spirit of cooperation, the Parties respectfully request that the Court grant the requested extension to permit the Parties sufficient time to complete document production prior to expert discovery, so that the Parties can develop evidence to support their claims and defenses, and properly prepare their cases for the scheduled April 23, 2024 trial start date.

**First**, Defendants are technologically unable to produce documents at the rate necessary to substantially complete document productions in advance of the deadline for Plaintiffs' opening expert reports under the Scheduling Order. Defendants have deployed more than 175 document review attorneys, and a high responsiveness rate means Defendants are identifying well over 20,000 responsive documents per day. Samuels Decl. Defendants' e-discovery vendor, however, has only been able to process documents at a rate of approximately 10,000-15,000 documents per day. Defendants have made a substantial effort to increase the production rate (including producing via external hard drive rather than electronic file transfer, and utilizing AI-assisted review), but are unable to expedite the process further.

**Second**, hundreds of thousands of potentially responsive documents contain personally-identifiable information ("PII"). Samuels Decl. This includes not just names and dates of birth for thousands of third-parties (typically individuals involved in an accident or other incident under a policy issued by James River) who have no evident connection to this matter, but also particularly sensitive information such as their social security numbers and confidential medical information. *Id*. Under many states' statutes, which can be enforced through private actions and state attorneys general, disclosure of such highly-sensitive confidential data, including PII is prohibited.[2]

---

[2] For example, the Commonwealth of Virginia in Code § 32.1-127.1:03(A) explicitly "recognize[s] an individual's right of privacy in the content of his health records." Similarly, Alabama defines "sensitive personally identifying information" as, among other things, "an

Defendants believe, consistent with the Federal Rules of Civil Procedure and case law from the

Fourth Circuit and this Court, that such data must be redacted before production. *Virmani v. Novant Health Inc*., 259 F.3d 284, 288 n.4 (4th Cir. 2001) ("A court likewise can protect the identities of third parties, i.e., the patients and the other physicians who were the subjects of prior peer reviews, as well as exclude or redact extraneous confidential medical information, through an appropriate order."); *see also Long v. Ocean Breeze Holdings, LLC*, 2016 WL 1689048, at *3 (E.D. Va. Mar. 4, 2016) (citing *Virmani*, 259 F.3d at 287 n.4) ("sensitive information . . . such as a SSN or medical information" may be protected through redaction).  While there is a protective order in place, best practice counsels that this information nevertheless be redacted and anonymized in order to comply with the myriad laws governing such information and to protect and limit exposure of third parties to unexpected risks, such as a data breach.  Law firms are not immune from cybersecurity attacks, and the risk of a data breach exposing sensitive third-party

---

Alabama resident's first name or first initial and last name in combination with . . . [a]ny information regarding an individual's medical history, mental or physical condition, or medical treatment or diagnosis by a health care professional."  Ala. Code § 8-38-2(6). Further, Cal. Civ. Code § 1798.84(c) permits private causes of action for failures to protect personal information and for "willful, intentional, or reckless violation[s] . . . a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation." Moreover, in Colorado, the attorney general and district attorneys have "exclusive authority" to enforce violations of the state's statute protecting the privacy of personal information. Colo. Rev. Stat. Ann. §§ 6-1-1311.  In addition, Texas statue Tex. Bus. & Com. Code Ann. §§ 521.002(a)(2), 521.052(a), holds "sensitive personal information" to include "information that identifies an individual and relates to: (i) the physical or mental health or condition of the individual; (ii) the provision of health care to the individual," and Texas requires businesses to "maintain reasonable procedures . . . to protect from unlawful use or disclosure any sensitive personal information collected or maintained by the business."  For violations of Tex. Bus. & Com. Code Ann. § 521.151(a), "[t]he attorney general may bring an action to recover the civil penalty imposed under this subsection," and "a person who violates this chapter is liable to this state for a civil penalty of at least $2,000 but not more than $50,000 for each violation."

information is not a hypothetical concern.  Data breaches exposing PII and other highly sensitive information maintained by law firms is unfortunately on the rise.[3]

Redaction is an extremely time-intensive process.  As described in the Samuels declaration, redactions can take anywhere from a few minutes—for short, simple documents with a few clear pieces of information requiring redaction—to thirty minutes or more—for longer documents interspersed with PII throughout.  Attorneys responsible for redacting PII will frequently be required to exercise their subjective judgment to leave visible potentially relevant (but still sensitive) health information, while ensuring that the health information is nevertheless anonymized to protect the third parties it belongs to.  To avoid burdening the Court and in the spirit of cooperation, the Parties have attempted to mitigate this issue by Defendants granting Plaintiffs' counsel access to unredacted versions of documents containing PII via a shared review database.  Defendants will therefore have until the close of discovery to complete redactions, while Plaintiffs will have interim access necessary to prepare for fact depositions and expert discovery and, if necessary, the ability to challenge any redactions.

**Third**, Defendants' document review has been and is expected to continue to be more time consuming and labor-intensive than would be typically expected because of the significant presence of information protected by attorney-client privilege.  A significant proportion of the documents Plaintiffs seek—specifically, documents related to insurance claims processed in connection with the Uber account—regularly contain privileged legal content related to the

---

[3]  *See* Sara Merken, Quinn Emanuel reports cyber attack involving 'limited' client data, REUTERS (July 24, 2023), https://www.reuters.com/legal/legalindustry/quinn-emanuel-reports-cyber-attack-involving-limited-client-data-2023-07-24/; see also Letter to, available at https://www.doj.nh.gov/consumer/security-breaches/documents/gibson-dunn-crutcher-20230707.pdf; Debra Cassens Weiss, BigLaw firms are targeted in cyberattacks and hacking lawsuits, ABA JOURNAL (July 12, 2023), https://www.abajournal.com/news/article/law-firms-are-targeted-in-cyberattacks-and-hacking-lawsuits.

underlying personal injury actions.  For example, James River's files consist of hundreds of thousands of documents related to its assessment of Uber-related claims.  Part of those assessments include information protected by the attorney-client privilege and Federal Rule of Civil Procedure 26(b)(3)(A), often taking the form of liability assessments, the law applicable to the case and how that law will apply to discrete facts, and evaluations of damages.  As a result, approximately 19.5% percent of the 500,000 documents reviewed by Defendants to date for responsiveness have required additional review for privilege.  Samuels Decl.  Conducting privilege review necessarily requires substantial additional time above and beyond review for relevance—particularly where, as here, tens of thousands of otherwise responsive documents require careful redaction (as opposed to a blanket withholding) of privileged information.

Defendants respectfully submit that extending the relevant discovery deadlines is warranted under the circumstances here.  Plaintiffs respectfully submit that they should not be prejudiced in any way by the issues that Defendants have raised concerning the timeliness of their productions and that an extension of the relevant discovery deadlines is necessary to avoid that prejudice to Plaintiffs.  In addition to having the ability to adequately prepare for depositions, Plaintiffs have retained multiple industry and financial experts to opine and respond to opinions on critical issues in the case; those experts require Defendants' documents and adequate time to analyze them and incorporate that analysis into their expert reports.  Documents requiring expert analysis are voluminous.  Defendants, in turn, have also retained multiple experts on critical issues who face the same issues as Plaintiffs' experts.

As described above, additional time to complete discovery is necessary to allow the parties to develop the factual record.  Local Rule 37(F) provides that "[d]epending upon the facts in of the particular case, the Court in its discretion may, upon appropriate written motion by a party, allow

an extension of time in excess of the time provided by the Federal Rules of Civil Procedure, these Local Rules, or previous Court order, within which to respond to or complete discovery or to reply to discovery motions." Such an extension is justified where, for example, a party moves to alter a pretrial order before the close of discovery to give both parties the ability to develop evidence in support of their claims and defenses—fundamentally the objective of the Parties' instant request for relief. *See In re: JELD-WEN Holding, Inc. Securities Litig.*, No. 3:20-cv-112, Dkt. 152 (E.D. Va. Feb. 22, 2021) (granting joint motion to extend discovery deadlines to allow parties to develop evidence); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-66, 2019 WL 1880148, at *3 (W.D. Va. Apr. 26, 2019) (explaining that an effort to alter the schedule before the close of discovery demonstrates diligence on the part of the moving party). Further, as noted, this extension will not change the Court-ordered trial date—nor many of the near-term pre-trial deadlines immediately leading up to the commencement of trial, including the Final Pre-Trial Conference.

This joint motion also satisfies the procedures laid out in the Scheduling Order, as the Parties have conducted numerous good faith meet and confers on the issues raised in the motion, have resolved nearly all disputes, and have agreed that it is necessary to seek relief from the Court in order to allow for the substantial completion of document productions in advance of expert discovery. ECF No. 95; *see* Samuels Decl.

For the foregoing reasons, the parties respectfully request the Court grant a modest extension of time in which to complete discovery, and amend the dates set forth in the Scheduling Order as follows:

|  | Original Date | Requested Extension |
|---|---|---|
| Identify Expert(s) in Support of Complaint/Counterclaim/Crossclaim and Serve Accompanying Report | Nov. 11, 2023 | Dec.22, 2023 |

|  | **Original Date** | **Requested Extension** |
|---|---|---|
| Identify Expert(s) in Opposition to Complaint and Serve Accompanying Report | Nov. 26, 2023 | Jan 10, 2024 |
| Identify Rebuttal Expert(s) and Serve Accompanying Report | Dec. 6, 2023 | Jan. 24, 2024 |
| Close of Discovery | Jan. 5, 2024 | Feb. 9, 2024 |
| Deadline to file *Daubert* Motions | Jan. 12, 2024 | Feb. 9, 2024 |
| Deadline to File Dispositive Motions | Jan. 15, 2024 | Feb. 9, 2024 |
| Deadline for Plaintiff to File Notice of Witnesses and Evidence | Mar. 14, 2024 | None – no change |
| Deadline to File Non-Dispositive Motions; Deadline for Defendant to File Notice of Witnesses and Evidence | Mar. 24, 2024 | None – no change |
| Evidentiary Objections | Mar. 30, 2024 | None – no change |
| Jury Instructions; Proposed Jury *Voir Dire*; Written Stipulations of Uncontroverted Facts | April 2, 2024 | None – no change |
| Final Pretrial Conference | April 12, 2024 | None – no change |
| Pretrial Briefs | April 18, 2024 | None – no change |
| Trial | Apr. 19, 2024 – May 3, 2024 | None – no change |

Dated: Oct. 27, 2023                     Respectfully submitted,

By: /s/ Steven J. Toll                   By: */s/ Bryan A. Fratkin*
Steven J. Toll (Va. Bar No. 15300)       Bryan A. Fratkin (VSB# 38933)
Daniel S. Sommers                        Brian E. Pumphrey (VSB# 47312)
S. Douglas Bunch                         Garrett H. Hooe (VSB# 83983)
**COHEN MILSTEIN SELLERS**               **MCGUIREWOODS LLP**

8

**& TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
*Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Salvatore J. Graziano (pro hac vice)
Rebecca E. Boon (pro hac vice)
Jeremy P. Robinson (pro hac vice)
Emily A. Tu (pro hac vice)
Chloe Jasper (pro hac vice)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
rebecca.boon@blbglaw.com
jeremy@blbglaw.com
emily.tu@blbglaw.com
chloe.jasper@blbglaw.com
*Attorneys for Lead Plaintiff City of Miami
General Employees' and Sanitation
Employees' Retirement Trust and Lead
Counsel for the Class*

**SAXENA WHITE P.A.**
David R. Kaplan (pro hac vice)
Emily R. Bishop (pro hac vice)
505 Lomas Santa Fe Dr.
Suite #180
San Diego, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (pro hac vice forthcoming)
Joseph E. White, III (pro hac vice)
Jonathan Lamet (pro hac vice)
7777 Glades Road, Suite 300
Boca Raton, FL 33434

Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4352
Facsimile: (804) 698-2100
bfratkin@mcguirewoods.com
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com

**DEBEVOISE & PLIMPTON LLP**
Maeve O'Connor (pro hac vice)
Susan Reagan Gittes (pro hac vice)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 521-7715
mloconnor@debevoise.com
srgittes@debevoise.com
*Counsel for Defendants*

9

Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
jlamet@saxenawhite.com

Steven B. Singer (pro hac vice)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
*Attorneys for Lead Plaintiff Employees'
Retirement Fund of the City of Fort Worth
dba Fort Worth Employees' Retirement
Fund and Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN
& LEVINSON LLP**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com
*Additional Counsel for Lead Plaintiff the
City of Miami General Employees' and
Sanitation Employees' Retirement Trust*

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will automatically serve all counsel of record registered with the Court's CM/ECF system.

/s/ Bryan A. Fratkin
Bryan A. Fratkin (VSB# 38933)