# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN <br><br> CLASS ACTION |

**DECLARATION OF ADAM D. WALTER CONCERNING PROPOSED PLAN FOR PROVIDING NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS**

I, Adam D. Walter, declare and state as follows:

1.      I am a Client Services Director of A.B. Data, Ltd. ("A.B. Data"), a nationally recognized class action administration firm.  At the request of Lead Counsel, I am submitting this declaration to provide the Court with information about the proposed procedures and methods to be used to provide notice of the Settlement to the Settlement Class.  The following statements are based on my personal knowledge and information provided by other A.B. Data employees working under my supervision, and if called on to do so, I could and would testify competently thereto.[1]

2.      A.B. Data has successfully implemented notification and claims administration programs in hundreds of securities class actions.  Members of our team have administered many of the most noteworthy securities class action settlements in recent years, including *In re AIG Securities Litigation*, No. 04 Civ. 8141 (S.D.N.Y.); *In re Countrywide Financial Corp. Securities Litigation*, No. 07 Civ. 05295 (C.D. Cal.); *In re Fannie Mae 2008 Securities Litigation*, No. 08 Civ. 7831 (S.D.N.Y.); *In re General Electric Co. Securities Litigation*, No. 09 Civ. 1951 (S.D.N.Y.); and *In re Facebook, Inc., IPO Securities & Derivative Litigation*, MDL No. 12-2389 (S.D.N.Y.).  More information on A.B. Data's qualifications and experience can be found on our website at www.abdataclassaction.com.  A detailed description of A.B. Data's background and capabilities, including lists of representative cases and clients, is attached as Exhibit A.

**Proposed Plan for Disseminating Notice of the Settlement to the Settlement Class**

3.      Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Court must direct to potential class members "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed.

---

[1] Unless otherwise indicated, capitalized terms shall have their meaning as defined in the Stipulation and Agreement of Settlement, dated December 22, 2023 (ECF No. 144-1) (the "Stipulation").

R. Civ. P 23(c)(2)(B). The notice may be by one or more of the following: "United States mail, electronic means, or other appropriate means." *Id*. Here, the direct notice effort of mailing individual notice to all class members who can be identified through reasonable effort will be supplemented by a digital notice posting, publication in a major financial newspaper, the distribution of a press release, and notice over the Internet. A settlement website, toll-free telephone number, and dedicated email address will provide additional opportunities for Settlement Class Members to learn more about the proposed Settlement.

4.      The proposed notice plan for the Settlement in this matter uses customary procedures that have been widely adopted in securities class actions and which have been designed to provide direct mail notification to all investors who are members of the Settlement Class and who can be identified with reasonable effort, as well as additional notice through publication in relevant publications and over the Internet.

5.      As set forth in the Parties' Stipulation and in the proposed Preliminary Approval Order, within five (5) business days of the date of entry of the Order, James River agreed to provide or cause to be provided to Lead Counsel or A.B. Data in electronic format a list (consisting of names and addresses) of the record holders or purchasers of James River common stock during the Class Period (the "Record Shareholder List"). On January 12, 2024, A.B. Data received an electronic file from Lead Counsel, who had received the file from Defendants' Counsel, with a list of shareholders of record during the Class Period identified by James River. The list included nine (9) unique names and addresses of potential Settlement Class Members, including Cede & Co, the nominee name and registered owner for all shares held in "street name."[2] As set forth in the proposed Preliminary

---

[2] *See* https://www.dtcc.com/settlement-and-asset-services/issuer-services/how-issuers-work-with-dtc (describing how shares in a publicly-traded company are commonly held in "street name,"

Approval Order, A.B. Data will mail a copy of the Notice and Claim Form, in the forms approved the Court (together, the "Notice Packet") to these persons and entities within twenty business days of the Court's preliminary approval of the Settlement (the "Notice Date").

6.       As in most class actions of this nature, the great majority of potential Settlement Class Members are beneficial purchasers whose securities were held in "street name"—i.e., the securities were purchased by brokerage firms, banks, institutions, and other third-party nominees ("Nominees") in the name of the Nominee, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with the names and addresses of the largest and most common Nominees, including national and regional offices of certain Nominees ("Nominee Database"). A.B. Data's Nominee Database is updated from time to time as new Nominees are identified, and others merge or cease to exist. Currently, the Nominee Database contains 4,967 mailing records. Accordingly, to effectuate notice to the great majority of the Settlement Class, by no later than the Notice Date, A.B. Data will mail a copy of the Notice Packet to A.B. Data's database of 4,967 Nominees.

7.       Consistent with the proposed Preliminary Approval Order (¶ 9), the Notice Packets that A.B. Data mails to Nominees will inform the Nominees that if they purchased or otherwise acquired James River common stock during the Class Period for the benefit of another person or entity they must: (a) within seven (7) calendar days of receipt of the Notice, request from A.B. Data sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing

_____

in which the Depository Trust Company "holds legal title to securities and the ultimate owner investor is the beneficial owner," and Cede & Co. is "listed as the registered owner on the records of the issuer").

3

addresses, and, if available, email addresses, of all such beneficial owners to the A.B. Data, in which event A.B. Data shall promptly mail or email the Notice Packet to such beneficial owners. *See* Notice ¶ 75. The Notice Packet mailed to Nominees will include a cover letter highlighting these requirements as well as A.B. Data's contact information for questions.

8. Following the initial mailing to Nominees, A.B. Data will send follow up emails, and, if necessary, phone calls, to the Nominees in its Nominee Database who do not respond to the initial mailing. The email will advise Nominees of their obligation to facilitate notice of the Settlement to their clients who purchased or otherwise acquired the shares of James River common stock during the Settlement Class Period. A.B. Data will also ask that, if the broker or nominee did not purchase any shares of James River common stock during the Class Period for the benefit of others, that the broker or nominee confirm that fact.

9. A.B. Data will also send a copy of the Notice and Claim Form to the Depository Trust Company ("DTC") for the DTC to publish on its Legal Notice System ("LENS"). LENS provides DTC participants the ability to search and download legal notices as well as receive email alerts based on particular notices or particular security identifiers (known as CUSIPs).

10. Simultaneously with the initial mailing of the Notice Packet, A.B. Data will establish a settlement website, JamesRiverSecuritiesLitigation.com. The Settlement Website will contain an overview of the Settlement, important dates, and deadlines in connection with the Settlement, including the exclusion/objection deadline and the date and time of the Settlement Hearing, copies of the Notice, Claim Form, Stipulation, Complaint, and other documents related to the Settlement. The Settlement Website will also contain a claim-filing portal for those Settlement Class Members who wish to file their Claim online, as well as provide detailed instructions for Nominees and third-party filers filing Claims electronically on behalf of a large number of clients.

11.    To supplement direct mailed notice to potential Settlement Class Members, A.B. Data will cause a copy of the Summary Notice to be published in national edition of *The Wall Street Journal* and to be transmitted over the *PRNewswire* not later than (10) business days after the Notice Date.

12.    A toll-free telephone number, 1-877-495-0945, and dedicated email address, info@JamesRiverSecuritiesLitigation.com, will also be established and staffed with customer service representatives trained to answer questions about the Settlement.  As a result of its experience in administering complex class action settlements, A.B. Data has developed an expertise in anticipating the questions that class members will ask and how to most efficiently answer them, and we will utilize that experience for this Settlement.  Both the toll-free telephone number and email address will be displayed on the Notice, Claim Form, Summary Notice, as well as on the Settlement Website.

13.    As requests from Nominees are received, A.B. Data will mail copies of the Notice Packet to Nominees (in bulk) for forwarding, or directly mail the Notice Packet to potential Settlement Class Members who are identified by Nominees.  A.B. Data will also disseminate copies of the Notice Packet to any other persons and entities requesting them.  In A.B. Data's experience, brokers and nominees can be expected to comply with the requirements and either identify eligible class members or request sufficient copies of the Notice Packet to forward to their customers.  Indeed, currently, a substantial majority of largest brokers (including Morgan Stanley, Merrill Lynch, Wells Fargo, Charles Schwab, and TD Ameritrade) all use the same third-party vendor, known as Broadridge Financial Services, to process their requests for bulk copies of the Notice Packets to forward to their eligible customers.  This one vendor, Broadridge (acting on behalf of numerous brokers) is alone expected to request and forward Notice Packets for 75% to 80% of all

potential class members.

14.     Because the process is intended to identify the maximum number of potential class members, the notice efforts are likely to be somewhat overinclusive.  For example, based on A.B. Data's experience, it is likely that certain brokers may identify as potential Settlement Class Members individuals and entities who only held, but did not purchase, James River common stock during the Class Period, or who purchased James River common stock during the Class Period, but did not hold those shares until the initial corrective disclosure date (and thus were not "damaged").

15.     A.B. Data believes that the broker process is the best notice practicable under the circumstances to potentially reach virtually all Settlement Class Members through direct mail.  The narrow exception would be any investors for whom their brokers no longer have a valid address on file and for whom A.B. Data is unable to find a valid updated address.

16.     If any Notice Packets are returned as undeliverable, A.B. Data will conduct research to determine if an alternative or updated address is available from the U.S. Postal Service change-of-address database or through TransUnion, a third-party vendor to which A.B. Data subscribes.  If an updated or alternative address can be found, the Notice Packet will be re-mailed to the updated or alternative address.  In A.B. Data's experience in previous comparable cases, very few notices are returned as undeliverable.  In particular, approximately 0.3% to 3% of all notices mailed are returned as undeliverable.  *See, e.g.*, *In re BioMarin Pharmaceutical Inc. Sec. Litig.*, Case No. 3:20-cv-06719-WHO, Suppl. Decl. of Adam D. Walter at 1 (N.D. Cal. Nov. 1, 2023), ECF No. 150-1 (0.3% of notices were undeliverable); *In re HP Inc. Sec. Litig.*, Case No. 3:20-cv-01260-SI, Suppl. Decl. of Jack Ewashko at 1 (N.D. Cal. Nov. 1, 2023), ECF No. 134-1 (2.7% of notices were undeliverable); *In re Yahoo! Inc. Sec. Litig.*, Case No. 5:17-cv-00373-LHK, Post-Distribution Accounting at 1 (N.D. Cal. Apr. 17, 2020), ECF No. 160 (2.4% of notices were undeliverable); *In re RH, Inc. Sec. Litig.*,

Case No. 4:17-00554-YGR, Post-Distribution Accounting at 1 (N.D. Cal. Apr. 2, 2020), ECF No. 131 (1.7% of notices were undeliverable).

17.     Based on A.B. Data's experience with comparable securities class actions, we expect the direct notice effort alone to effectively notify Settlement Class Members of the proposed Settlement. The supplemental digital posting through DTC's LENS, the publication in *The Wall Street Journal*, the distribution of a press release over *PR Newswire*, and the establishment of a case specific website will further enhance notice exposure. A.B. Data believes that the proposed notice plan provides the best method for notifying potential Settlement Class Members of the Settlement in this Action.

18.     Indeed, A.B. Data has employed virtually identical notice plans in numerous recent securities class actions settlements in this District and elsewhere. *See, e.g.*, *Plymouth Cnty. Ret. Sys. v. Evolent Health, Inc.*, Case No. 1:19-cv-01031-MSN-WEF, Decl. of Eric Nordskog at 1-4 (E.D. Va. Oct. 14, 2022), ECF No. 252-4; *In re Willis Towers Watson PLC Proxy Litig.*, No. 1:17:cv-01338-AJT-JFA, Decl. of Eric J. Miller at 1-4 (E.D. Va. Mar. 31, 2021), ECF No. 341-1; *In re Lumber Liquidators Holdings, Inc. Sec. Litig.*, No. 4:13-cv-00157-AWA-DEM, Decl. of Adam D. Walter at 1-4 (E.D. Va. Oct. 13, 2016), ECF No. 192-1; *In re NII Holdings, Inc. Sec. Litig.*, Civ. No. 1:14-cv-00227-LMB-JFA, Decl. of Eric Schachter at 1-5 (E.D. Va. Aug. 12, 2016), ECF No. 257-1; *In re NeuStar, Inc. Sec. Litig.*, Case No. 14-CV-00885 JCC TRJ, Decl. of Adam D. Walter at 1-4 (E.D. Va. Oct. 29, 2015), ECF No. 60-2; *see also In re Splunk Inc. Sec. Litig.*, Case No. 4:20-cv-08600-JST, Decl. of Jack Ewashko at 1-5 (N.D. Cal. Dec. 7, 2023), ECF No. 138-4; *In re BioMarin Pharmaceutical Inc. Sec. Litig.*, Case No. 3:20-cv-06719-WHO, Decl. of Adam D. Walter at 1-5 (N.D. Cal. Oct. 4, 2023), ECF No. 149-4.

19.    In A.B. Data's opinion, the proposed notice plan provides the best notice practicable under the circumstances, is consistent with the requirements of Rule 23, and is consistent with other similar court-approved securities class action notice programs

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 16, 2024, in Palm Beach Gardens, Florida.

_____
ADAM D. WALTER

8