# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN <br><br> <u>CLASS ACTION</u> |

**DECLARATION OF JED D. MELNICK**
**IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT**

I, JED D. MELNICK, declare as follows:

1.      I submit this declaration in my capacity as the independent mediator in the above-captioned securities fraud ("Action") and in connection with the proposed settlement of the Action (the "Settlement").  I make this declaration based on personal knowledge and am competent to so testify.[1]

2.      While the mediation process is confidential, the Parties to the Settlement have authorized me to inform the Court of the matters set forth in this declaration.  The confidentiality of the mediation process is critical, as it encourages full candor in disclosures to the mediator, including in written submissions.  My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

3.      The Parties to the Action have come to an agreement to settle the case for a non-reversionary, cash payment of $30 million (the "Settlement").  The mediation and subsequent

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement dated December 22, 2023 (ECF No. 114-1).

negotiations between the parties, which I oversaw, ultimately resulted in the Settlement now before the Court for final approval.

## I.    BACKGROUND AND QUALIFICATIONS

4.    I have been a full-time mediator for more than seventeen years, and am a panelist at JAMS.[2]  Prior to my time as a neutral, I was an attorney in Pennsylvania for more than five years.  Since becoming a full-time mediator in 2005, I have resolved over one thousand disputes, with an aggregate value in the billions of dollars.  I have extensive experience assisting in the settlement of many different types of complex actions, including securities class actions and shareholder derivative actions.  I founded a nationally ranked dispute resolution journal, the *Cardozo Journal of Conflict Resolution*, and have been invited to speak on numerous panels and give presentations related to the mediation of complex litigation.

## II.    THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

5.    Lead Plaintiffs and Defendants engaged me to serve as the mediator for the Parties' dispute in the fall of 2023 and scheduled a mediation session with me for November 3, 2023.

6.    On October 27, 2023, in advance of this mediation session, the Parties exchanged and submitted detailed submissions, including thorough mediation statements addressing their views on liability, damages, and class certification.  On November 2, 2023, Lead Plaintiffs submitted a response to Defendants' mediation statement.  The work that went into these mediation submissions was substantial, as reflected in their level of detail and legal and factual analysis.

7.    The Parties' mediation submissions demonstrated that each had carefully analyzed the relevant facts and applicable law.  I found these submissions to be extremely valuable in

---

[2] My professional profile can be found at https://www.jamsadr.com/melnick/.

helping me understand the relative merits of each Party's position, and identifying the issues that would drive and present obstacles to reaching a resolution of the Action.

8.      On November 3, 2023, counsel for the Parties participated in a full-day mediation session before me in person in White Plains, New York.  The participants in this mediation session included (i) attorneys from counsel for Lead Plaintiffs, Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. (together, "Lead Counsel"); (ii) attorneys from counsel for Defendants, Debevoise & Plimpton LLP; and (iii) attorneys for Defendants' insurance carriers.

9.      During the mediation session on November 3, 2023, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions.  During these discussions, I challenged each side separately to address the weaknesses in each of their positions and arguments.  The counsel engaged in extensive discussions and negotiations at this mediation session, but no agreement was reached.

10.     After the conclusion of the first session, the Parties agreed to engage in a second half-day session before me on November 15, 2023.  Prior to this mediation session, Lead Plaintiffs submitted a follow-up written submission, and included supporting exhibits compiled from documents produced in the course of discovery, including highly relevant documents produced in discovery after the initial November 3, 2023 mediation session.  Defendants also submitted a response to Lead Plaintiffs' follow-up submission, which was similarly detailed and helpful in helping me further understand the relative merits of each Party's position, and assisting the parties in reaching a potential resolution of the Action.

11.     The participants in the November 15, 2023 mediation session, which was held via Zoom, included, as in the first session, (i) Lead Counsel; (ii) attorneys from counsel for Defendants, Debevoise & Plimpton LLP; and (iii) attorneys for Defendants' insurance carriers.

3

12.      At the November 15, 2023 mediation session, the Parties again engaged in robust negotiations regarding their clients' positions in the litigation.  These negotiations were extremely hard fought.  While the session was productive, it did not result in a resolution of the Action.  However, with my assistance, the Parties continued their settlement discussions over the following days.

13.      After the November 15, 2023 mediation session, I issued a mediator's proposal to the Parties that the Action be resolved in exchange for payment of $30 million.  The proposal was issued on a double-blind basis, meaning that if one of the sides rejected the proposal they would not find out whether the other side had accepted the proposal.  My decision to issue this proposal was based on the submissions that I had received from the Parties, counsel's advocacy for their respective clients, and my independent professional judgment that a resolution at this amount would represent a fair and reasonable outcome.  On November 17, 2023, both sides informed me that they accepted the proposal.

## III.    THE SETTLEMENT REPRESENTS A FAIR COMPROMISE

14.      The mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides.  Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith.  Because the Parties made their mediation submissions and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content.  I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial, and they reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case.

4

15.     I believe that the Settlement of the Action represents a well-reasoned and sound resolution of highly uncertain litigation.  The Court, of course, will make its own determination as to the "fairness" of the Settlement under applicable legal standards.  From a mediator's perspective and based on my years as an attorney and neutral, I respectfully submit that the proposed Settlement warrants approval of the Court, as reflective of the burdens, risks and potential rewards of taking a case of this size and complexity to trial.  My review of the documentary record in this Action, and my numerous discussions with counsel have led me to conclude that both sides have litigated the Action in a vigorous and exceptionally thorough manner.  It was also clear to me that both sides were well-prepared and fully capable of proceeding to trial if a settlement could not be achieved.

## IV.    CONCLUSION

16.     In summary, I view the Settlement in the Action as an excellent compromise and resolution of a hard-fought case that presents many risks to both sides.  The amount of the Settlement is significant and will confer a considerable benefit to the Settlement Class.  I believe the Settlement represented the highest settlement amount and the most favorable terms that Lead Plaintiffs could have achieved at that time.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed this 9 day of April, 2024.

/s/Jed D. Melnick_____
Jed D. Melnick, Esq.
JAMS

5