# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN<br><br>CLASS ACTION |

**DECLARATION OF LINDA WEBB IN SUPPORT OF**
**(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**
**AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR**
**AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, Linda Webb, declare under penalty of perjury as follows:

1.      I am the Executive Director of the Employees' Retirement Fund of the City of Fort Worth d/b/a Fort Worth Employees' Retirement Fund ("Fort Worth" or the "Fund"), which, along with the City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami") are the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action" or the "Litigation").[1]  I have served in my position as Executive Director since August 2023.  I respectfully submit this declaration in support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses.

2.      Fort Worth was established by ordinance on September 12, 1945.  The Fund is a defined benefit plan, created for the exclusive purpose of providing retirement benefits to full-time City of Fort Worth employees, including general employees, police officers, and firefighters.  Serving approximately 6,700 active members and more than 4,900 retirees and beneficiaries, the Fund is the only municipal retirement fund in Texas that covers general city employees as well as police and fire.  As of December 8, 2023, the Fund had approximately $3 billion in assets under management.

3.      Fort Worth is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Consistent with these requirements and responsibilities, Fort Worth has been directly involved in monitoring and overseeing the prosecution of the Action as well

---

[1] Unless otherwise indicated, capitalized terms shall have their meanings as defined in the Stipulation and Agreement of Settlement, dated December 22, 2023 (ECF No. 114-1) (the "Stipulation" or "Settlement Agreement").

as the negotiations leading to the Settlement, and could and would produce a representative to testify competently thereto.

**I.      Fort Worth's Oversight of the Action**

4.      Fort Worth purchased James River Group Holdings, Ltd. stock during the Settlement Class Period and suffered substantial losses as a result.  The Fund is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, protects the interest of its participants.

5.      My responsibilities as the Executive Director of the Fund include overseeing litigation brought by Fort Worth.  To assist in this responsibility, I asked Ms. Mary Chang, the Fund's General Counsel, to be the point-person for all communications between the Fund and Court-appointed Lead Counsel Saxena White P.A ("Saxena White" or "Lead Counsel").  As a result, Ms. Chang and I are familiar with the duties undertaken by the Fund with respect to this Action, which included monitoring Fort Worth's selected counsel for litigation, participating in the collection of documents on behalf of the Fund, and participating in strategic decision making and settlement approval.

6.      On behalf of Fort Worth, Ms. Chang, other Fund employees, and I had regular communications with Saxena White.  Fort Worth received monthly status reports from Saxena White, which included updates on case developments, and participated in regular discussions with attorneys from Saxena White concerning the prosecution of the Action, the strengths of and risks to the claims, and the potential settlement.  In addition, Saxena White made presentations to the Fund's Board of Trustees.  Through these regular status reports and communications, Fort Worth closely supervised and participated in the prosecution of the Action.

7.     In particular, throughout the course of this Action, Ms. Chang, other Fund representatives identified (in part) below, and I coordinated with Lead Counsel about, and participated in, the following events:

(a)     **Initiating the Action.**  Fort Worth demonstrated its commitment to vigorously prosecuting this Action by investigating the claims asserted and deciding to file the initial complaint, thereby commencing this Action.  In connection with filing the initial complaint, Fund employees, including Ms. Chang, Benita Falls Harper, the Fund's former Executive Director, and Derrick Dagnan, our Chief Investment Officer,  reviewed certain materials provided by Saxena White—including, among other documents, a litigation memo, a draft of the initial complaint, and the Fund's PSLRA certification;

(b)     **Lead Plaintiff Appointment Process.**  Fort Worth employees, including Ms. Chang and Ms. Harper, devoted time throughout the process of moving for lead plaintiff appointment, including by reviewing the Fund's lead plaintiff application, communicating with Lead Counsel and Miami regarding the co-lead plaintiff application, participating in a joint conference call with Lead Counsel and Miami, and executing a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Settlement Class's claims under our supervision;

(c)     **Significant Pleadings and Briefs.**  Fort Worth employees, in particular Ms. Chang, reviewed pleadings and motions filed in this litigation, including the initial complaint, the amended complaint, the second amended complaint, Lead Plaintiffs' oppositions to Defendants' motions to dismiss, and other key filings throughout the Litigation;

(d)     **Discovery.**  Fort Worth employees, including Ms. Chang, Mr. Dagnan, Rebecca Earley, the Fund's Investments Assistant/Portfolio Analyst, Charles Henry, the Fund's

3

IT Systems Administrator, and myself, exerted time and effort during the discovery phase of the Action, including by reviewing Lead Plaintiffs' Rule 26(a) initial disclosures, collecting information for and assisting in preparing responses and objecting to Defendants' discovery requests and interrogatories, and searching for, collecting, and producing documents in response to Defendants' discovery requests;

(e)    **Correspondence with Lead Counsel.**  Fort Worth employees worked closely with and regularly corresponded with Saxena White, including through regular monthly reports and ad-hoc status and strategy reports (as appropriate) that provided descriptions of Lead Counsel's work prosecuting the Action, litigation strategy, and the existing case status.  Ms. Chang, supported by our former Executive/Legal Assistant, Annette Connor, served as the Fund's point person on such regular monthly and ad-hoc correspondence with Saxena White; and

(f)    **Settlement.**  Fort Worth oversaw the settlement negotiations in this Action. Fort Worth employees, including Ms. Chang, Mr. Dagnan, and myself, reviewed and provided feedback regarding Lead Plaintiffs' detailed submissions to the mediator and conferred with Saxena White regarding the parties respective positions on the facts and the law in connection with the mediation.  Further, Fort Worth representatives, including the Fund's Board of Directors, received detailed presentations regarding, *inter alia*, the status of the litigation, the relative strengths and weaknesses of the parties' claims and defenses, and a reasonable range of recovery under the applicable facts and circumstances, and then evaluated and approved the proposed Settlement.

8.      In total, Ms. Chang, the other Fund representatives, and I devoted approximately 141 hours in support of Fort Worth's efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of James River shareholders during the Settlement Class Period.[2]

## II.     Fort Worth Strongly Endorses Approval of the Settlement

9.      Based on its participation throughout the prosecution and resolution of the claims in the Action, Fort Worth believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.  The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

10.     The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiffs and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel.  The risk of no recovery was very real here, and there was no guarantee that the entirety of Lead Plaintiffs' claims would survive class certification or a motion for summary judgment, much less succeed at trial or in potential appeals.

11.     Fort Worth strongly endorses the Settlement as it provides a certain, immediate, and substantial cash recovery for the Settlement Class.  The Fund firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

## III.    Approval of the Attorneys' Fee Request and Litigation Expenses

12.     While it is understood that the ultimate determination of Lead Counsel's request for attorneys' fees and expenses rests with the Court, Fort Worth believes that the request for an award of attorneys' fees in the amount of 25% of the Settlement Fund, net of litigation expenses, is fair and

---

[2] While Fort Worth devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a conservative estimate of the amount of time we collectively spent on this litigation, as supported by the Fund's records and Lead Counsel's records. Notably, this calculation only includes timekeepers who reported having spent at least two hours on work related to this Action.

reasonable in light of the work that Lead Counsel performed on behalf of the Settlement Class. A 25% award is particularly appropriate here because of the highly complex issues involved, Lead Counsel's tremendous investment of time and resources, the outstanding result achieved, the approval of the Settlement Class, and the significant risks in the Litigation.

13.     The fee percentage requested is consistent with the retainer agreement that Fort Worth entered into with Lead Counsel, which provided that Lead Counsel shall seek no more than 25% of any settlement as its fee, subject to Court approval. After the agreement to settle the Action was reached, Fort Worth again evaluated Lead Counsel's proposed 25% fee request by considering the work performed, the substantial recovery obtained for the Settlement Class in this Action, and the risks of the Action, and has authorized the requested 25% fee award to the Court for its ultimate determination.

14.     Fort Worth takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in litigating the Action.

15.     Fort Worth further believes that the litigation expenses being requested for payment to Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, Fort Worth fully supports the request for attorneys' fees and expenses.

## IV.     Fort Worth's Representative Reimbursement

16.     Fort Worth understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). Accordingly, in connection with Lead Counsel's request for payment of litigation expenses, Fort

6

Worth seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

17.     Fort Worth respectfully submits that its significant oversight of counsel in this Action, its active participation in all aspects of the Litigation and resolution of the case, and the time Fund representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement and justifies this request.

18.     The time that was devoted to pursuing the Settlement Class's interests in this Action was time we otherwise would have devoted to other work for the Fund, and thus, represents a direct cost to Fort Worth.  As detailed above, we collectively devoted approximately 141 hours to this Action.  In calculating the total cost of this time, Fort Worth applied hourly rates to the amount of time each individual devoted to prosecution of the Action, with an average hourly rate of $112.62.[3] This calculation resulted in a total cost of $15,879.55 to Fort Worth, for which the Fund respectfully requests reimbursement.

## V.     Conclusion

19.     In light of the foregoing, Fort Worth respectfully submits that the Court should grant Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Expenses and approve the request to award the Fund reimbursement of $15,879.55 pursuant to 15 U.S.C. § 78u-4(a)(4) for its costs in connection with the prosecution of this Action.

---

[3] The hourly rates used for purposes of this calculation are based on the actual annual salaries and approximate value of benefits of the subject Forth Worth employees involved in the oversight of this Action, as described herein.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct , and that I have authority to execute this Declaration on behalf of Fort Worth.

Executed this 15th day of April, 2024, in Lancaster, California.

LINDA WEBB
Executive Director
Employees' Retirement Fund of the
City of Fort Worth d/b/a Fort Worth
Employees' Retirement Fund

8