# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN<br><br>CLASS ACTION |

**DECLARATION OF EDGARD HERNANDEZ,
PENSION ADMINISTRATOR FOR THE CITY OF MIAMI GENERAL EMPLOYEES'
& SANITATION EMPLOYEES' RETIREMENT TRUST, IN SUPPORT OF
(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Edgard Hernandez, hereby declare under penalty of perjury as follows:

1.      I am the Pension Administrator of The City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami Retirement Trust"), one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action").[1] I submit this declaration in support of (a) Lead Plaintiffs' motion for approval of the proposed Settlement and the proposed Plan of Allocation; and (b) Lead Counsel's motion for attorneys' fees and litigation expenses, which includes a request for Miami Retirement Trust to recover reasonable costs and expenses it incurred directly related to its representation of the Settlement Class in this Action.

2.      The Miami Retirement Trust is a governmental defined benefit pension system for all permanent employees of the City of Miami, Florida, other than firefighters and police officers. As of September 30, 2023, the Miami Retirement Trust had approximately $872 million in assets under management.

---

[1] Unless otherwise indicated herein, capitalized terms shall have those meanings set forth in the Stipulation and Agreement of Settlement dated December 22, 2023 (ECF No. 114-1).

{00256131.DOCX;1}

## I.    Miami Retirement Trust's Oversight of the Litigation

3.      I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995. As the Pension Administrator of Miami Retirement Trust, I have overseen the Trust's service as lead plaintiff in several securities class actions. I have personal knowledge of the matters set forth in this Declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action as well as the negotiations leading to the Settlement, and I could and would testify competently thereto.

4.      On behalf of Miami Retirement Trust, I had regular communications with Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), co-Lead Counsel for the class, and Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), the Trust's outside fiduciary counsel, throughout the litigation. Miami Retirement Trust, through my involvement and the involvement of other employees, has supervised, monitored, and was actively involved in all material aspects of the prosecution of the Action. Miami Retirement Trust received periodic status reports from BLB&G on case developments, and participated in discussions with attorneys from BLB&G and Klausner Kaufman concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement. In particular, throughout the course of this Action, Miami Retirement Trust has, among other things, (a) communicated with counsel concerning significant developments in the litigation, including case strategy; (b) reviewed all significant pleadings and briefs filed in the Action; (c) reviewed periodic reports from BLB&G concerning the status of the litigation; (d) collected information for and assisted in preparing Miami Retirement Trust's discovery responses; (e) searched for and collected documents for production in response to Defendants' discovery requests; (f) consulted with BLB&G and Klausner Kaufman regarding

settlement negotiations and the parties' respective positions during that process; and (g) evaluated and approved the proposed settlement of the Action.

## II.    Miami Retirement Trust Strongly Endorses Approval of the Settlement

5.    Based on its involvement throughout the prosecution and resolution of the claims asserted in the Action, Miami Retirement Trust believes that the proposed Settlement is fair, reasonable and adequate to the Settlement Class.  Miami Retirement Trust believes that the Settlement represents an excellent recovery for the Settlement Class, particularly in light of the substantial risks of continuing to prosecute the claims in this case.  Therefore, Miami Retirement Trust strongly endorses approval of the Settlement by the Court.

## III.    Miami Retirement Trust Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

6.    While it is understood that the ultimate determination of Lead Counsel's request for attorneys' fees and expenses rests with the Court, Miami Retirement Trust believes that Lead Counsel's requested fee of 25% of the Settlement Fund, net of litigation expenses, is reasonable in light of the work that Plaintiffs' Counsel performed on behalf of Lead Plaintiffs and the Settlement Class.  The requested fee is consistent with a retainer agreement entered into between Miami Retirement Trust and BLB&G at the outset of the litigation.  In addition, Miami Retirement Trust has evaluated Lead Counsel's fee request by considering the work performed, the recovery obtained for the Settlement Class in this Action, and the risks of the Action, and has authorized this fee request to the Court for its ultimate determination.

7.    Miami Retirement Trust further believes that the litigation expenses being requested for reimbursement by Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action.  Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at the

most efficient cost, Miami Retirement Trust fully supports Lead Counsel's motion for attorneys' fees and litigation expenses.

8.    Miami Retirement Trust understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4).  For this reason, in connection with Lead Counsel's request for reimbursement of litigation expenses, Miami Retirement Trust seeks reimbursement for costs and expenses it incurred directly related to its representation of the Settlement Class in the Action.

9.    My primary responsibility at Miami Retirement Trust involves overseeing all aspects of the Trust's operations, including monitoring litigation matters involving the fund, such as its activities in the securities class actions where (as here) it has been appointed lead plaintiff.

10.    The time that we devoted to the representation of the class in this Action was time that we otherwise would have expected to spend on other work for Miami Retirement Trust and, thus, represented a cost to the Trust.  Miami Retirement Trust seeks reimbursement in the amount of $1,875 for 15 hours that I expended, at a rate of $125 per hour.[2]

## IV.    Conclusion

11.    In conclusion, Miami Retirement Trust was closely involved throughout the prosecution and settlement of the claims in this Action, strongly endorses the Settlement as fair, reasonable and adequate, and believes that it represents a significant recovery for the Settlement Class.  Accordingly, Miami Retirement Trust respectfully requests that the Court approve (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Lead Counsel's motion for attorneys' fees and litigation expenses, including

---

[2] The hourly rates used for purposes of this request are based on the annual salaries and benefits of the respective personnel who worked on this Action.

the request for reimbursement for the costs and expenses incurred by Miami Retirement Trust directly related to its representation of the Settlement Class in the Action, as set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Miami Retirement Trust.

Executed this 18 day of April, 2024.

Edgard Hernandez,
Pension Administrator
The City of Miami General Employees' &
Sanitation Employees' Retirement Trust