**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF (A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF**
**SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S**
**<u>MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ......................................................................................1

II.  THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS
     APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND
     THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES...................2

     A.   The Court-Approved Robust Notice Program .........................................................3

     B.   The Settlement Class's Reaction Supports Approval of the Settlement and
          the Plan of Allocation ...........................................................................................4

     C.   The Settlement Class's Reaction Supports Approval of the Fee and
          Expense Application ...............................................................................................6

III. CONCLUSION.............................................................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...............................................................................6

*Abubaker v. Dominion Dental USA, Inc.*,
2021 WL 6750844 (E.D. Va. Nov. 19, 2021).............................................................................5

*In re BankAmerica Corp. Sec. Litig.*,
210 F.R.D. 694 (E.D. Mo. 2002) ..............................................................................................6

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2007) ............................................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018) .......................................................................................6

*Gagliastre v. Capt. George's Seafood Rest., LP*,
2019 WL 2288441 (E.D. Va. May 29, 2019) ............................................................................4

*Galloway v. Williams*,
2020 WL 7482191 (E.D. Va. Dec. 18, 2020) .........................................................................5, 6

*In re Genworth Fin. Sec. Litig.*,
210 F. Supp. 3d 837 (E.D. Va. 2016) .....................................................................................5, 7

*In re Jiffy Lube Sec. Litig.*,
927 F.2d 155 (4th Cir. 1991) ....................................................................................................4

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod.*
*Mktg. Sales Practices*, 2018 WL 11203065 (E.D. Va. Oct. 9, 2018),
*aff'd*, 952 F.3d 471 (4th Cir. 2020) ...........................................................................................5

*In re The Mills Corp. Sec. Litig.*,
265 F.R.D. 246 (E.D. Va. 2009) ...............................................................................................5

*In re MicroStrategy, Inc. Sec. Litig.*,
148 F. Supp. 2d 654 (E.D. Va. 2001) ........................................................................................5

*Phillips v. Triad Guar. Inc.*,
2016 WL 1175152 (M.D.N.C. Mar. 23, 2016)..........................................................................6

*Plymouth Cnty. Ret. Sys. v. GTT Commc'ns, Inc.*,
2021 WL 1659848 (E.D. Va. Apr. 23, 2021) ...........................................................................7

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005).................................................................................................7

*Robinson v. Carolina First Bank NA*,
   2019 WL 2591153 (D.S.C. June 21, 2019)...........................................................................7

*In re Signet Jewelers Ltd. Sec. Litig.*,
   2020 WL 4196468 (S.D.N.Y. July 21, 2020) .......................................................................6

*Skochin v. Genworth Fin., Inc.*,
   2020 WL 6697418 (E.D. Va. Nov. 12, 2020)........................................................................5

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007).........................................................................6

Lead Plaintiffs Employees' Retirement Fund of the City of Fort Worth d/b/a Fort Worth Employees' Retirement Fund and The City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel, respectfully submit this reply memorandum of law in further support of, respectively (a) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF Nos. 122 - 123); and (b) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF Nos. 124 - 125) (the "Motions").[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for an all-cash payment of $30 million.  As detailed in Lead Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 122 - 126), the proposed Settlement is the product of Lead Plaintiffs and Lead Counsel's vigorous pre- and post-filing investigation, zealous prosecution of the action, and extended arm's-length settlement negotiations before a highly experienced mediator.  The Settlement—which represents a substantial portion of the maximum damages that investors could seek to prove at trial—is an excellent result given both the size of the recovery and the significant risks that Lead Plaintiffs faced in proving that Defendants made materially false and misleading statements with scienter, in establishing loss causation and damages, and the costs of delay of further litigation.

The Settlement has also now been overwhelmingly endorsed by the Settlement Class. Since the Court granted preliminary approval, the Court-approved Claims Administrator, under the supervision of Lead Counsel, has completed the extensive notice program set out in the Court's January 26, 2024 Order Preliminarily Approving Settlement and Authorizing Dissemination of

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings in the Stipulation and Agreement of Settlement dated December 22, 2023 (ECF No. 114-1) (the "Stipulation").

Settlement Notice (ECF No. 119) ("Preliminary Approval Order").  The notice program included, *inter alia*, mailing the Notice Packet to over 38,000 potential Settlement Class Members, publication of a Summary Notice in *The Wall Street Journal* and *PR Newswire*, and the establishment of a dedicated Settlement website run by the Claims Administrator.  Following this comprehensive notice program, no objections were received with respect to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  The complete lack of objections represents a significant endorsement by the Settlement Class of the proposed Settlement, Plan of Allocation, and the requested fees and expenses.  The absence of any objections is especially noteworthy here given that the great majority of the Settlement Class is comprised of institutional investors, who have the staff and resources to object if they believe there is cause to do so.  None did so here.  Moreover, Lead Plaintiffs, which are themselves both experienced and sophisticated institutional investors that actively oversaw the Action, have expressly endorsed the Settlement and the requested attorneys' fees and expenses.  *See* ECF No. 126-2, at ¶¶ 4-15; ECF No. 126-3, at ¶¶ 3-7.  Significantly, in response to the robust notice program, there has been only one request for exclusion from the Settlement Class, submitted by an individual investor with a *de minimis* (if any) interest in the Settlement.

As explained below, the overwhelmingly positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrated why approval of the Motions is warranted.  Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of any objections and the lone

request for exclusion received establish that the "reaction of the class" factor also strongly supports approval of both Motions.

### A.     The Court-Approved Robust Notice Program

In accordance with the Court's Preliminary Approval Order, 38,759 copies of the Notice Packet have been mailed to potential Settlement Class Members and their nominees.  *See* Supplemental Declaration of Adam D. Walter Regarding (A) Mailing of the Notice and Claim Form and (B) Report on Objections and Requests for Exclusion (the "Suppl. Walter Decl."), attached hereto as Exhibit 1, at ¶ 2.  The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses (including potential reimbursement awards to Lead Plaintiffs as authorized by the PSLRA) in an amount not to exceed $800,000.  *See* Notice ¶¶ 5, 59.  The Notice also apprised Settlement Class Members of (a) their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; (b) their right to exclude themselves from the Settlement Class; and (c) the May 3, 2024 deadline for filing objections and receipt of requests for exclusion.  *See* Notice at pp. 2-3 and ¶¶ 60, 67-68; Suppl. Walter Decl. ¶¶ 5-6.[2]

On April 19, 2024, 14 days before the objection and exclusion deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and

---

[2] The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and over *PR Newswire* on March 4, 2024.  *See* Declaration of Adam D. Walter Regarding (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (ECF No. 126-5) at ¶ 13.

fee and expense request.  These papers are available on the public docket (ECF Nos. 122 - 126), and they were also posted on the Settlement website, (www.JamesRiverSecuritiesLitigation.com), and Lead Counsel's respective websites.  *See* Suppl. Walter Decl. ¶ 4.  In addition, notice of the Settlement was provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) in December 2023.  *See* ECF No. 126-6.

As noted above, following implementation of this comprehensive notice program, not a single Settlement Class Member submitted an objection to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  *See* Supp. Walter Decl. ¶ 6.  In addition, only one request for exclusion from the Settlement Class was received.  This lone request for exclusion was received from a potential Settlement Class Member who claimed to have "purchased and sold approximately 50 shares" of James River common stock during the Settlement Class Period.  *See* Supp. Walter Decl. ¶ 5.  This individual did not provide sufficient details on the timing of his transactions in James River stock to determine whether he suffered any loss due to the alleged fraud; but even assuming that all 50 shares he purchased were damaged, they would represent less than 0.0002% of total damaged shares estimated by Lead Plaintiffs' damages expert—an exceedingly small portion of the Settlement Class.  *Id.*

**B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation**

The absence of any objections from Settlement Class Members and the single request for exclusion are also significant factors that support a finding that the Settlement is fair, reasonable, and adequate.  *See, e.g., In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991) (the district court's assessment of the adequacy of the settlement should consider "the degree of opposition to the settlement"); *Gagliastre v. Capt. George's Seafood Rest., LP*, 2019 WL 2288441, at *4 (E.D. Va. May 29, 2019) (Jackson, J.) ("[t]he opinion of class members concerning the settlement 'is

perhaps the most significant factor to be weighed in considering its adequacy'"); *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Practices*, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018), *aff'd*, 952 F.3d 471 (4th Cir. 2020) (same).

Here, the absence of any objections and the single request for exclusion by a individual investor with a *de minimis*, if any, interest in the Settlement proceeds strongly support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g., Abubaker v. Dominion Dental USA, Inc.*, 2021 WL 6750844, at *5 (E.D. Va. Nov. 19, 2021) (Brinkema, J.) (noting that the "settlement [] was well received by the Class, as evidenced by the lack of objections"); *Galloway v. Williams,* 2020 WL 7482191, at *9 (E.D. Va. Dec. 18, 2020) (Payne, J.) ("A lack of objections suggests that the Settlement is indeed adequate."); *Skochin v. Genworth Fin., Inc.*, 2020 WL 6697418, at *4 (E.D. Va. Nov. 12, 2020) (Payne, J.) ("Courts generally treat relatively few objections and opt-outs as pointing to the adequacy of the settlement."); *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) (Gibney, Jr., J.) ("A lack of objections to settlement by class members and opt-outs from the class demonstrates low opposition and weighs in favor of approving a settlement."); *In re The Mills Corp. Sec. Litig.,* 265 F.R.D. 246, 257-58 (E.D. Va. 2009) (O'Grady, J.) ("an absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy"); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va. 2001) (Ellis, J.) ("the lack here of any objections to the partial settlement and the small number of class members choosing to opt-out of the case strongly compel a finding of adequacy").

It is also particularly significant that no institutional investors—which held the great majority of James River common stock during the Class Period—have objected to any aspect of the Settlement. Institutional investors are often sophisticated and possess the incentive and ability to object. The absence of objections by these sophisticated class members is thus further evidence

5

of the fairness of the Settlement.  *See, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702-03 (E.D. Mo. 2002) ("The Court takes particular note of the fact that no objections were filed by any of the 'institutional investors' who comprise a large part of the plaintiff classes and who will be greatly affected by the outcome of this case").

The virtually uniformly positive reaction of the Settlement Class also strongly supports approval of the Plan of Allocation.  *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (lack of objections means that the "reaction of the Class also supports approval of the Plan of Allocation"); *Phillips v. Triad Guar. Inc*., 2016 WL 1175152, at *4 (M.D.N.C. Mar. 23, 2016) (considering, among other things, "the lack of objection to the Plan of Allocation" in finding the Plan fair and reasonable); *In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C.    The Settlement Class's Reaction Supports Approval of the Fee and Expense Application

The overwhelmingly positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. *See Galloway*, 2020 WL 7482191, at *10 (the lack of objections to the settlement and fee motion "weighs in favor of the reasonableness of the" requested fees); *Genworth*, 210 F. Supp. 3d at 844

6

("A lack of objections by class members as to fees requested by counsel weighs in favor of the reasonableness of the fees."); *Robinson v. Carolina First Bank NA*, 2019 WL 2591153, at \*14 (D.S.C. June 21, 2019) ("The lack of objections supports the reasonableness of the requested award and weighs in favor of approving the fee request.").

As with approval of the Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See Plymouth Cnty. Ret. Sys. v. GTT Commc'ns, Inc.*, 2021 WL 1659848, at \*5 (E.D. Va. Apr. 23, 2021) (Hilton, J.) (noting that the "positive reaction from the Settlement Class" to the fee application was "meaningful because the vast majority of the Company's shares are owned by institutional investors who have the resources, acumen and financial incentive to object or opt-out of the Settlement if warranted"); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at \*1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive"); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive," but did not do so, supported approval of the fee request).

Accordingly, the virtually uniformly positive reaction of the Settlement Class strongly supports approval of the fee and expense request.

## III.   CONCLUSION

For the foregoing reasons, and the additional points and authorities set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses.

7

Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

Dated:  May 17, 2024

Respectfully submitted,
By: */s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
S. Douglas Bunch
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs and the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Rebecca E. Boon (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Emily A. Tu (*pro hac vice*)
Chloe Jasper (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
rebecca.boon@blbglaw.com
jeremy@blbglaw.com
emily.tu@blbglaw.com
chloe.jasper@blbglaw.com

*Attorneys for Lead Plaintiff Miami and Lead Counsel for the Settlement Class*

8

**SAXENA WHITE P.A.**
David R. Kaplan (*pro hac vice*)
Emily R. Bishop (*pro hac vice*)
505 Lomas Santa Fe Dr.
Suite #180
San Diego, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena
Joseph E. White, III (*pro hac vice*)
Jonathan Lamet (*pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
jlamet@saxenawhite.com


Steven B. Singer (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com

*Attorneys for Lead Plaintiff Fort Worth and
Lead Counsel for the Settlement Class*

**KLAUSNER KAUFMAN JENSEN
& LEVINSON LLP**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff Miami*

9