UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

```
* * * * * * * * * * * * * *
IN RE JAMES RIVER GROUP       *
HOLDINGS, LIMITED,            *
SECURITIES LITIGATION,        * CIVIL ACTION 3:21-CV-00444
                              * MAY 24, 2024   10:58 A.M.
                              * FINAL APPROVAL HEARING
                              * VOLUME I OF I
                              *
                              * Before:
                              * HONORABLE DAVID J. NOVAK
                              * UNITED STATES DISTRICT JUDGE
* * * * * * * * * * * * * * * * EASTERN DISTRICT OF VIRGINIA
```

APPEARANCES:

For the Plaintiffs:       DAVID R. KAPLAN, ESQUIRE
                          Saxena White, P.A.
                          12750 High Bluff Drive
                          San Diego, CA 92130

                          REBECCA E. BOON, ESQUIRE
                          Bernstein Litowitz Berger &
                          Grossmann, LLP
                          1251 Avenue of the Americas
                          44th Floor
                          New York, NY 10020

                          STEVEN J. TOLL, ESQUIRE
                          Cohen Milstein Sellers & Toll, PLLC
                          1100 New York Avenue, N.W.
                          Suite 500, West Tower
                          Washington, D.C. 20005-3965


Court Reporter:           Melissa H. Custis, RPR
                          701 East Broad Street
                          Richmond, Virginia 23219
                          (804)916-2278

        Proceedings recorded by mechanical stenography.
Transcript produced by computer.

In re James River Group - 5/24/2024

APPEARANCES (Continued):

For the Defendants:        SUSAN R. GITTES, ESQUIRE
                           Debevoise & Plimpton, LLP
                           66 Hudson Boulevard
                           New York, NY 10001

                           BRYAN A. FRATKIN, ESQUIRE
                           McGuireWoods, LLP
                           Gateway Plaza
                           800 East Canal Street
                           Richmond, VA 23219

(Court convened at 10:58 a.m.)

THE CLERK:  Civil action 3:21-CV-44, In Re James River Group Holdings, Limited, Securities Litigation.

Plaintiffs are represented by David Kaplan, Rebecca Boon, and Steven Toll.

Representing the defendants is Susan Gittes and Bryan Fratkin.

Counsel, are we ready to proceed?

MR. KAPLAN:  Yes.

THE COURT:  Everybody is ready?

MS. GITTES:  Yes, Your Honor.

THE COURT:  All right.  We're here for the approval hearing.  Mr. Kaplan, I think you're the lead, right?

MR. KAPLAN:  Yes.

THE COURT:  You just want to put on the record the bare bones of what the settlement is.  I've obviously read all the paperwork, but just for the record.

MR. KAPLAN:  Okay.  Good morning, Your Honor.

THE COURT:  Good morning.

MR. KAPLAN:  Your Honor, we're here before the Court on motions for final approval of the settlement.  I'm pleased to report that following an extensive notice program, including the mailing of over -- of nearly 40,000 notice packets to potential settlement class members, as well as publication notice via the claims administrator's dedicated

website for this case, both lead counsel firms' websites, as well as *The Wall Street Journal* and the *PR Newswire*, there has not been a single objection to any aspect of the settlement, the request for attorneys' fees or reimbursement of litigation expenses, and there's only been one request for exclusion received.

THE COURT:  I'll also note that other than our interns here that we have in our courthouse, there's nobody else here in the courtroom.  We've given public notice.  There's nobody here objecting in the courtroom here today; is that correct?

MR. KAPLAN:  That's correct.

THE COURT:  All right.  Well, I'm going to go over the settlement terms.  It seems to me to be quite reasonable.  The return on this case -- securities fraud cases are complex to begin with.  You survived the motion to dismiss, which is to your credit, and I think your fee award is appropriate.  I'm going to go through my analysis that I have to do here in a second, but is there anything else you need to say?

MR. KAPLAN:  No, unless --

THE COURT:  I do all the work beforehand.  That's the way this works.  I actually read what you give me, believe it or not.  I know that might surprise you, but I'm ready to rock and roll.

MR. KAPLAN:  And the briefing was extensive, Your

Honor.  So unless there's a specific issue you would like to ask me questions about, I would just rest on our papers.

THE COURT:  That's fine.  All right.

All right.  Ms. Gittes, did you want to say anything? I gather you're in agreement on this?

MS. GITTES:  Yes, Your Honor.  Defendants have nothing to add.

THE COURT:  Okay.  All right.  That's fine, then.

All right.  Well, I'm certainly going to approve this class action settlement as I find that it meets the standards laid out in Rule 23(e).  I find specifically that the settlement agreement is fair, reasonable, and adequate in light of the Rule 23(e)(2) factors, as well as the factors set forth by the Fourth Circuit in the *Jiffy Lube* case.  I'm going to review each of those factors now.

First, I find that the proposed settlement is fair. In determining fairness, *Jiffy Lube* instructs this Court to consider (1) the posture of the case; (2) the extent of discovery conducted; (3) the circumstances surrounding the negotiations; and (4) counsel's experience.

First, as to the posture of the case, that clearly supports final approval.  Class counsel thoroughly investigated the plaintiffs' claims.  They fully briefed the defendants' motion to dismiss, which I denied, and then they negotiated a protective order and the proposed settlement that

now comes before the court.  Through all these efforts, class counsel expended significant time.  It's particularly true on a motion to dismiss because they have opponents that are extremely able and did a great job even though the defense was not successful.

The parties reached the proposed settlement only after extensive good faith and arm's-length negotiations since at least November of 2023.  Those negotiations involved numerous exchanges, phone calls, and settlement conferences.

So with that in mind, I find the posture of the case supports final approval.

Second, the extent of the discovery further supports final approval as reflected in the plaintiffs' filing, as well as the declarations of Ms. Boon and Mr. Kaplan.  There was significant discovery that was conducted here.  They detail it.  I'm not going to lay it all out, but it's clear there was significant discovery.

So the substantial progress that the parties made in the discovery process dispels any fear of collusion between the parties.

Third, the circumstances surrounding negotiations also supports final approval.  They were clearly -- negotiations were -- clearly occurred at arm's length.  There were multiple mediation sessions before Mr. Melnick, a private mediator and special master in complex civil cases.  He has

settled other cases that I've dealt with, so I know he's well respected here and his -- I think his background is well known.

Additionally, the terms of the proposed attorneys' fees and litigation expenses dispel any concerns of collusion. While I'm going to get to the fee award in a little bit, certainly the percentage that they're asking for is appropriate.

Fourth, class counsel's experience supports final approval. Clearly, Mr. Kaplan and his firm is well experienced in handling consumer class action litigation and they've brought that experience to bear here in this case, decades of experience so that supports it.

So, in sum, I find that the relevant *Jiffy Lube* factors here indicate that the proposed settlement is fair.

Moving to reasonableness and adequacy, I find that the proposed settlement is both, both reasonable and adequate. In assessing these factors, *Jiffy Lube* instructs the Court to look at (1) the relative strength of the merits of the plaintiffs' claims; (2) the existence of any difficulties of proof or strong defenses that the plaintiff would encounter at trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant and likelihood of recovery; and (5) the degree of opposition to the settlement.

Here, the relative strengths of the plaintiffs' claims viewed in light of the difficulties of proof and strong defenses that they would encounter at trial supports final approval.  I'll note securities fraud cases just by nature are very difficult.  There's tons of defenses that are involved. They did overcome the material for the motion to dismiss, but that does not mean that they didn't face uncertainty in terms of the litigation.

The anticipated duration and expense of continued litigation also supports final approval.  They would have needed to complete discovery.  It would have been extensive. There certainly would have been summary judgment motions and trial would have been complex and consumed significant amounts of resources without knowing what the outcome would be.

Solvency of the defendants.  Here, we have no immediate knowledge of problems with solvency of James River. So we're going to move forward, past that.

The degree of opposition here.  Mr. Kaplan just rightly put on that there's been no objections despite over 37,000 class members being notified, only one opt-out, and there's nobody here to object here today.

So, therefore, I find that the settlement constitutes a substantial recovery as well for the class.  We're looking at a cash payment of $30 million for an escrow account to be distributed to the class members.  That allocation is also

done in a fair and reasonable way and the manner of administrating the relief will be effective so that also weighs in favor of approval.

I also will briefly address notice. I previously approved a notice plan at the preliminary approval stage, but on the back end now, the fact that we have such minimal opposition -- really, no opposition, just one opt-out -- speaks to not just the strength of the settlement but also the notice here as well.

I find the notice fairly apprised the prospective members of the class of the terms of the proposed settlement and of the options that were open to them in connection with the proceedings.

As to attorneys' fees, class counsel has requested $7,344,570 plus accrued interest for their fees, which is equal to 25 percent of the settlement fund. Twenty-five percent in these cases is certainly appropriate. I've approved, I think, up to a third. I note, as class counsel noted, that if you applied the lodestar, I think it's slightly negative, as I recall, which also speaks to the appropriateness of the fees. There was a lot of hard work done in this case. I'm not going to detail it all. It's in the papers, but it's clear to me that the attorneys' fees here are appropriate.

I'm going to approve also the service award to the

lead plaintiffs, $17,754.55.  Again, totally appropriate in light of this case, as well as the litigation expenses that I'm going to approve in the amount of 603,965.20 for reimbursement for the litigation expenses that were incurred in litigating this case.

So I'll conclude, then, by reaffirming that the settlement class as the final settlement class pursuant to Rule 23 and grant the joint motion for approval, as well the plaintiffs' motion for attorneys' fees, litigation expenses, and service awards.

Anything else I need to do from the plaintiffs' side?

MR. KAPLAN:  No, Your Honor.

THE COURT:  Anything else from the defense side?

MS. GITTES:  No, Your Honor.

THE COURT:  All right.  Thank you all for your great work.  I think you're to be commended for getting this thing done in an appropriate way, that results in a way that's completely fair to the plaintiffs.  All right?

(Court adjourned at 11:08 a.m.)

CERTIFICATE

I, Melissa H. Custis, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/  Melissa H. Custis, RPR          Date:  2/24/2025