**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE JAMES RIVER GROUP HOLDINGS, LTD. SECURITIES LITIGATION | Case: 3:21-cv-00444-DJN<br><br>CLASS ACTION |

**[PROPOSED] ORDER**
**(Granting Motion for Distribution Plan)**

This matter comes before the Court on Lead Plaintiffs' Unopposed Motion for Distribution Plan (ECF No. 133, the "Motion"), pursuant to Paragraph 29 of the Parties' Stipulation and Agreement of Settlement (ECF No. 114-1, the "Stipulation"), moving the Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned Action. The Court has reviewed and considered all the matters submitted in support of the Motion, including the Memorandum of Law in Support of Lead Plaintiffs' Motion (ECF No. 134) and the Declaration of Adam D. Walter in Support of Lead Plaintiffs' Motion (ECF No. 134-1, "Walter Declaration"). For good cause shown, and in the absence of any objections filed, as the time of which to file has passed, the Court hereby GRANTS Lead Plaintiffs' Motion (ECF No. 133).

The Court HEREBY orders that:

1. This Order incorporates by reference the definitions in the Stipulation and the Walter Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Walter Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.    The distribution of the Net Settlement Fund to Authorized Claimants is hereby AUTHORIZED and shall be conducted in accordance with the Stipulation, the Court-approved Plan of Allocation, and the Distribution Plan for payment of the Net Settlement Fund set forth in paragraph 41 of the Walter Declaration, which is hereby APPROVED. Accordingly:

(a)    The administrative determinations of the Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), to accept the Timely Eligible Claims set forth in Exhibit D to the Walter Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E to the Walter Declaration are APPROVED.

(b)    The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit F to the Walter Declaration, are APPROVED.

(c)    The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."

(d)    Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund seven (7) months after the Distribution, by reason of uncashed checks or otherwise, then, after A.B. Data has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, the Claims Administrator, shall, if feasible, re-distribute any balance remaining in the Net Settlement Fund on a *pro rata* basis to Settlement Class Members who have cashed their initial distributions and who would receive at least $10.00 in such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer economical to distribute.

(e)     No Claims received or adjusted after March 12, 2025 will be eligible for payment, subject only to the provision of paragraph 41(e) of the Distribution Plan.

(f)     If any funds remain in the Net Settlement Fund after payment of any late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to Feed More Inc, a non-sectarian, not-for-profit 501(c)(3) organization.

4.     The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5.     All of A.B. Data's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit G to the Walter Declaration are

3

approved, and Lead Counsel are directed to pay the outstanding balance of $25,080.45 out of the Net Settlement Fund to A.B. Data.

6.      A.B. Data is authorized to destroy the paper copies and electronic copies of the Claims and all supporting documentation one year after distribution of the Net Settlement Fund is complete.

7.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

The Clerk is directed to provide a copy of this Order to all counsel of record and any party not represented by Counsel.

IT IS SO ORDERED.

_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: _____