# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

IN RE WILLIS TOWERS WATSON PLC
PROXY LITIGATION

Master File No. 1:17-cv-1338-AJT-JFA

CLASS ACTION

## ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff moved this Court for an order approving a distribution plan for the Federal Net Settlement Fund in the above-captioned securities class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan and the Declaration of Eric J. Miller in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan ("Miller Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated January 15, 2021 (ECF No. 330-1) ("Stipulation") and the Miller Declaration, and all capitalized terms used in this Order shall have the same meanings as defined in the Stipulation and the Miller Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Federal Class Members.

3. Lead Plaintiff's plan for distribution of the Federal Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative determinations of the Court-approved Claims Administrator, A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), to

accept the Timely Eligible Claims stated in Exhibit D to the Miller Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Miller Declaration are adopted.

(b) The Claims Administrator's administrative determinations to reject the Rejected Claims, as stated in Exhibit F to the Miller Declaration, are adopted.

(c) A.B. Data is directed to conduct the Initial Distribution of the Federal Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Federal Net Settlement Fund to address any tax liability or claims administration-related contingencies that may arise.

Specifically, as stated in paragraph 39(a) of the Miller Declaration:

(1) A.B. Data will calculate award amounts for all Authorized Claimants as if the entire Federal Net Settlement Fund were to be distributed now. A.B. Data will calculate each Authorized Claimant's number of Federal Eligible Shares based upon the information provided in the Claim Form and for which adequate documentation is provided; (2) A.B. Data will then calculate a "Federal Distribution Amount" for each Authorized Claimant, which shall be the Authorized Claimant's number of Federal Eligible Shares divided by the total number of Federal Eligible Shares of all Authorized Claimants, multiplied by the total amount in the Federal Net Settlement Fund; (3) Authorized Claimants whose Federal Distribution Amount calculates to less than $200.00 will be paid their full Federal Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized

2

Claimants will receive no additional funds in subsequent distributions; (4) 95% of the remaining balance of the Federal Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Federal Distribution Amount calculates to $200.00 or more. The remaining 5% of the Federal Net Settlement Fund will be held in the Reserve to address any tax liability or claims administration-related contingencies that may arise following the Initial Distribution. To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution described in subparagraph (f) below; and (5) To the extent possible, A.B. Data will seek to conduct the distribution of funds in the Federal Net Settlement Fund and Delaware Net Settlement Fund simultaneously. Authorized Claimants who are members of both Classes may receive a single payment with the sum of their Federal Distribution Amount and Delaware Distribution Amount.

(d)     To encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 39(b) of the Miller Declaration.

(e)     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 39(b) of the Miller Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash

3

their distribution checks in the Second Distribution or subsequent distributions, should such distributions occur, within the time allotted or on the conditions stated in paragraph 39(b) of the Miller Declaration will irrevocably forfeit any further recovery from the Federal Net Settlement Fund.

(f)      After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (as provided in paragraph 39(b) of the Miller Declaration), but not earlier than seven (7) months after the Initial Distribution, A.B. Data will, after consulting with Lead Counsel, conduct the Second Distribution, in which any amount remaining in the Federal Net Settlement Fund after the Initial Distribution, including from the Reserve and the funds for all void stale-dated checks, after deducting A.B. Data's unpaid fees and expenses incurred in administering the Settlement, including A.B. Data's estimated costs of conducting the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution (other than Claims Paid in Full) who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with A.B. Data, determines that further distribution is not cost-effective.

(g)      When Lead Counsel, in consultation with A.B. Data, determines that further distribution of the funds remaining in the Federal Net Settlement Fund is not cost-effective, the remaining balance of the Federal Net Settlement Fund, after payment of any unpaid

4

fees or expenses incurred in administering the Federal Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the National Consumer Law Center ("NCLC").

(h)     No new Claims may be accepted after February 1, 2022, and no further adjustments to Claims received on or before February 1, 2022, may be made for any reason after February 1, 2022.

4.     The Court finds that the administration of the Settlement and the proposed distribution of the Federal Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Federal Settlement Fund or the Federal Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Federal Class Members and other Claimants, whether or not they receive payment from the Federal Net Settlement Fund, are hereby barred from making any further claims against the Federal Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Federal Settlement Fund or the Federal Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5.     All of A.B. Data's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Federal Net Settlement Fund as stated in the invoices attached as Exhibit G to the Miller Declaration are

5

approved, and Lead Counsel is directed to pay the outstanding balance of $25,312.37 out of the Federal Settlement Fund to A.B. Data.

6.     Unless otherwise ordered by the Court, A.B. Data may destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

7.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this __22nd__ day of ___February___ 2022.

_____ _____
Anthony J. Trenga
United States District Judge